## Upton's Committee v. Gaddie, et al.
## Gaddie, et al. v. Upton's Committee, et al.

(Decided February 28, 1912.)

## Appeals from Hardin Circuit Court.

1. When this case was formerly tried there being no committee acting for G. W. Upton, an incompetent, upon its return, Irwin & Bush paid the amount of the judgment under order of the court into the hands of the receiver. This was proper, but they did not pay the costs. If the costs have not been paid, Upton's committee may have execution issued against them. The former appeal was res adjudicata of the right of Upton to the store house and lot from the Gaddies.

2. Upon the question as to the covenant of warranty in the deed whereby Bush and Irwin conveyed to the Gaddies certain interests in the 72 acres it should be litigated, if at all in an independent action.

3. As to a motion for a rule to compel the trial judge to enter an order in conformity with the finding of the former opinion. Held, the trial court entered the proper judgment and the rule is discharged.

JAMES MONTGOMERY for G. W. Upton's Committee.

H. L. JAMES for G. M. Dixon.

D. H. SMITH and G. K. HOLBERT for R. B. & W. R. Gaddie.

OPINION OF THE COURT BY JUDGE WINN—Affirming on original and cross appeals.

This is the second appeal of this case. The former opinion is in 135 Ky., 102. The opinion in that case, once for all, settled that the original judgment of the Larue Circuit Court finding G. W. Upton incompetent was yet in full force and effect; and that question can not be relitigated nor opened again, as there is an effort to do in the case as now brought up.

Likewise, the former opinion settled the case as between Upton, and Irwin and Bush. It held that his judgment against them should have been for $334, with

interest from the time it was collected by Bush and Irwin. When the former case came up, there was no committee acting for G. W. Upton, and upon its return to the Hardin Circuit Court, Irwin and Bush paid the amount of the judgment, under an order of the court, into the hands of the receiver. Under the facts in the case as it stood this was entirely proper. They did not, however, pay the costs, the order directing that Irwin and Bush should pay the costs to the officers entitled thereto. If the costs have not been paid, Upton's Committee may have execution issued for costs against them.

The former opinion, as well, settled the right of Upton to recover the store house and lot in Upton Village, together with the rents thereon, less taxes and repairs, if any. Upon return of the case to the lower court it developed for the first time that in August, 1905, the store house and lot had been sold by the Gaddies to one G. M. Dixon. On May 2, 1910, an amended petition was filed by Rush, as committee for Upton, in which he made R. B. Gaddie, who had not theretofore been a party to the action, a defendant, setting up that he claimed some interest in the store house and lot and in the 73 acres of land named in the former opinion. R. B. Gaddie and W. R. Gaddie tendered separate answers in June, 1910, which were later filed. These defendants set up that they had jointly owned the store house and lot by purchase from G. W. Upton, in 1895, at the sum of $750, and then set up their sale to Dixon in 1905. The latter sale was also at the price of $750. Dixon was made a party defendant, and in March, 1911, filed his answer, in which he set up the purchase of the store house and lot from R. B. and W. R. Gaddie, at the sum of $750. He alleged that he was an innocent purchaser of the property from the Gaddies, and had no knowledge of the pendency of this action or of the plaintiff's claim to the property. Upon preparation on this branch of the case it was adjudged by the court that Upton's Committee was entitled to be paid the $750, with interest from August 31, 1905, the date of the Dixon purchase, and that the Citizens Trust Company, which had meanwhile qualified as Upton's Committee, should recover this sum from R. B. and W. R. Gaddie; or that the committee, if it should so elect, should have the right to litigate with G. M. Dixon the question as to whether he was an innocent purchaser of the store house and lot. The commit-

tee thereupon elected to stand upon the money judgment for $750 with interest from August 31, 1905. The judgment reserved the question as to the rent of the store house from the time of the purchase of the Gaddies to the time of their sale of it to Dixon. It is further ordered in the judgment that when said money has been paid, G. M. Dixon should be released from all further liability to the plaintiff, and that the action should be dismissed as to him. The Gaddies complain of this judgment; urging that the committee should have been compelled to follow the house and lot rather than to look to them. We find no merit in their contention. They had conveyed the house and lot to Dixon during the pendency of the action. Gaddie did not set up their sale nor raise any question on the former appeal of any right in them incident to their sale to Dixon, nor of any obligation upon the plaintiff to follow the store house and lot into Dixon's hands. The former appeal, therefore, was res adjudicata of the right of Upton to recover the store house and lot from the Gaddies; and since they had sold it for the same sum which they had paid Upton for it, the trial court properly adjudged a recovery of this sum against them. The right to recover the store house and lot having been settled in the former case, it is certainly just that the right to recover should apply to the proceeds of the house and lot when the Gaddies had sold it. It is true that R. B. Gaddie was not a party to the action as it stood at the time of the former appeal. The house and lot, however, had been conveyed by Upton to the Gaddies jointly. The Gaddies are father and son, and the record discloses throughout that W. R. Gaddie's defense was not otherwise than as a defense for himself and his co-owner in privity with him. In any event, the case as finally made up established Upton's right to recover the store house and lot as against both the Gaddies; and R. B. Gaddie is not prejudiced by the recovery of the proceeds of the property as against him, instead of a recovery of the property itself. There is no error in the judgment of the trial court upon this branch of the case.

The former opinion remarked that Upton should have been adjudged a recovery of the 73 acre tract of land. It is insisted by Upton's Committee that that opinion should be the law of this appeal, and the law which should have been applied upon the return of the

case to the trial court. Upton's Committee, the Citizens Trust Company, after its qualification, and after the return of the case to the trial court, filed, on June 15, 1910, an amended petition, wherein in substance it was set up, not that Upton was entitled to the entire 73 acres, but to only one-half of it. The plaintiff committee, therefore, doubtless in recognition that Upton did not own the entire boundary, and with a commendable purpose to acquire for Upton no more than it justly conceived to be his, elected to and did reopen the question of Upton's true interest in the 73 acres. This branch of the case was thereafter prepared. It developed that the 73 acre tract in question had belonged to the grandfather of G. W. Upton, who died intestate; that a partition of his lands had been made; that the 73 acre tract had been allotted to the widow of the elder Upton as a part of her dower; that the elder Upton left surviving him two daughters and the incompetent G. W. Upton, the only child of a deceased son. The title, therefore, to the 73 acres, vested in the two daughters and G. W. Upton, one-third in each, subject to the dower right of the widow. The Gaddies, as appears from the record, had, by mesne conveyances, acquired the interests of the two daughters. It appears that one acre of the tract, a number of years ago, had been sold off for a school lot, leaving 72 acres. The trial court, therefore, since the question was reopened, properly adjudged to Upton a recovery of only one-third of this 72 acres of land.

The court, in the judgment appealed from, reserved the question as to rents, taxes, improvements and the like upon the real estate; likewise, it adjudged that the land was divisible, and appointed commissioners for that purpose. While the report of the master commissioner and of the commissioners on partition are in the record, there is no final order as to the report of either. There have been at least five appeals to this court involving the small estate of this unfortunate young man. The fees, costs and the like against him must have gone far toward depleting his estate. It is earnestly to be hoped that what is left in this case may be disposed of fairly and expeditiously, thus avoiding further litigation and further charges against Upton's estate.

There is some effort in the record to encumber it with a claim by W. R. Gaddie against Irwin and Bush, upon a covenant of warranty in the deed, whereby Bush

and Irwin conveyed to the Gaddies certain interests in the 72 acres. The record does not disclose any disposition of this question; though Bush and Irwin are made appellees by the Gaddies. If there is to be a litigation between these parties it has no proper place in this record, but if it is to be litigated, it should be litigated in an independent and separate action.

A rule was awarded herein upon the motion of Upton's Committee, against the presiding judge of the lower court. The basis of the rule was the purpose to compel the trial judge to enter an order in specific conformity with the findings of the former opinion herein. The trial court entered the proper judgment, under the facts developed in the record upon its return, and the rule is discharged.

' For the reasons given the judgment of the trial court is affirmed upon the original and cross appeals.