### KANSAS CITY, M. & O. RY. CO. v. McMULLEN et al. (No. 7372.)

Court of Civil Appeals of Texas. Austin.
May 29, 1929.

Rehearing Denied June 19, 1929.

Collins, Jackson, & Snodgrass, of San Angelo, for appellant.

J. A. Thomas, Louis D. Gayer, and Lloyd Kerr, all of San Angelo, for appellees.

BAUGH, J. Appeal is from judgment of the county court of Tom Green county, in favor of appellees against appellant, in a suit for damages to a shipment of cattle from Big Lake, Tex., to Wichita, Kan., in June, 1927. The court's judgment awarded four items of damages as follows: $87 for shrinkage, $7.50 overcharge for feed, $20.54 for one cow killed, and $20 for attorney's fees. The case was submitted to a jury upon special issues.

█ Appellees attack by separate motion to strike out, and also in their brief, the sufficiency of the statement of facts.

A court reporter was agreed upon by the parties, was duly sworn, and reported the trial. At the request of appellant, she prepared a transcript of the testimony, which with her certificate as to its correctness was presented to appellees' counsel, who refused to agree to it, contending that certain testimony of Frank McMullen as to market values of the cattle at Wichita, Kan., had been omitted therefrom by the stenographer. After two hearings at appellees' request, upon the issue of the correctness of said transcript of the testimony, the court concluded that the stenographer's report of the proceedings of the trial was true and correct. The appellees now attack such proceedings as irregular, and complain that the statement of facts was not prepared in accordance with the provisions of the statute, in that the court did not make up the statement of facts "from his own knowledge," as provided in article 2240, Rev. St. 1925. The court has, however, in his approval of the statement of facts on file, adopted the statement prepared by the official reporter "as a correct statement of the facts proved on the trial, and I have prepared the foregoing as a true and correct transcript and statement of all the facts proved on the trial of said cause, and I do approve and sign the same as a true and correct transcript and statement of all the facts given in evidence on the trial of said cause," etc.

The trial judge's certificate fails to state that he prepared the statement of facts "from his own knowledge." However, we do not think this was necessary in the instant case. Articles 2238 and 2239 of the statute refer to and govern a transcript of the evidence prepared by the court reporter, and provide that such reporter shall prepare such transcript of the evidence at the request of a party to the suit. Article 2240

provides that the judge shall prepare from statements submitted to him by the parties and from his own knowledge a statement of facts, "if the parties do not agree upon such statement of facts, or if the judge does not approve or sign it." We think the words "such statement of facts," in this article of the statute, refer to the statement prepared by the official court reporter, and necessarily imply that such statement so prepared by the reporter shall be the statement of facts if the parties agree to it, and with the court's approval, or, if the judge approves and signs it, whether the parties agree to it or not. In the instant case the court did approve and sign it, and it is we think sufficient.

The first proposition of appellant is that there is no evidence disclosed by the record upon which the jury could find the amount of damages awarded. After carefully reading the statement of facts, we sustain this contention. Nowhere do we find any evidence whatever of the market value of said cattle at Wichita, Kan., or at Big Lake, for that matter. There was evidence of negligence on the part of the railway company, of undue delay, and of shrinkage. It is elementary, however, that there must also be evidence upon which the jury can arrive at the amount of pecuniary damages resulting from the negligence shown. 17 C. J. 1023; Coulter v. Gulf, C. & S. F. R. Co. (Tex. Civ. App.) 286 S. W. 559.

Complaint is also made that the trial court awarded damages on issues not submitted to the jury, nor requested to be submitted. No questions were submitted as to what were reasonable attorney's fees, what was the added expense for feed, or what was the value of the cow that was killed. The general rule is that issues raised by the pleadings on which the evidence is conflicting should be submitted to the jury or such issues will be deemed to have been waived. Since the case must be reversed for the reasons stated, it is not necessary to discuss these matters in detail, as they will probably not arise on another trial.

The judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.