**NOLAN COUNTY v. YARBROUGH.**

No. 2477.

Court of Civil Appeals of Texas.  El Paso.
Dec. 18, 1930.

Rehearing Denied Jan. 15, 1931.

George Outlaw, Co. Atty., and Hamner & Ponder, all of Sweetwater, for appellant.

T. V. Woodruff, of Sweetwater, for appellee.

PELPHREY, C. J.

Appellee sued appellant for the sum of $2,437.35, alleged to be due him from Nolan county for the safe-keeping of prisoners during the years of 1927 and 1928. He alleges his right to recover the amount sued for by virtue of article 1040 of the Code of Criminal Procedure, which provides that the sheriff "shall be allowed": "1. For the safekeep of each prisoner for each day the sum of fifteen cents, not to exceed the sum of two hundred dollars per month."

Appellee attached to his petition a list of names of purported prisoners, the list showing when they were committed, when released, the number of days they were in his custody, and the amount due him at 15 cents per day. This list was sworn to by appellee as a sworn account.

Appellant answered by general demurrer, special exceptions, a general denial, a plea of the two-year statutes of. limitation to the sum of $1,031.45, of the amount sued for, and specially pleaded that appellee, during his tenure in office as sheriff of Nolan county, had adopted a policy of taking into his custody, without filing complaints or having warrants issued for their arrest, large numbers of persons charged by him with being vagrants or hoboes, and placing them in jail at night, holding them until next morning, and then releasing them without any charges having been filed against them; that, upon learning of this practice, the commissioners' court, together with appellee, determined that the expenses of the sheriff's department must be limited in order that the expenses of the county government would come within the available revenue of the county; that, in pursuance of such understanding, the commissioners' court passed an order allowing appellee the sum of 75 cents per day for board and care of prisoners, with the further provision that the expenses should not, in any event, exceed $400 per month; that appellee understood the order, acquiesced and agreed thereto, and thereafter presented his accounts to the commissioners' court in accordance with said order; that, regardless of the fact that such accounts exceeded the sum of $400, appellee accepted the sum of $400 in settlement of each account; that it was intended by the order so made that the $400 per month was to include all charges for the safe-keeping, support, and maintenance of the prisoners; and that appellee, knowing that the $400 was intended to cover all his charges for safe-keeping, support, and maintenance of prisoners, and having cashed the vouchers issued in accordance with said agreement and order, was estopped to claim any additional amount for safe-keeping of said prisoners.

Appellee, in his supplemental petition, demurred generally to appellant's answer, demurred specially to the entire answer and to specified portions thereof, and generally denied the allegations of appellant's answer.

At the conclusion of the testimony the court instructed the jury to return a verdict in favor of appellee for the full amount sued for. From the judgment based on such instructed verdict, Nolan county has appealed.

### Opinion.

Appellee has filed a motion to strike out the statement of facts. The motion does not appear to be well taken and will be overruled. Kansas City, M. & O. Railway Co. v. McMullen et al. (Tex. Civ. App.) 19 S.W.(2d) 98.

Appellant first contends that the court erred in overruling its general demurrer to appellee's petition, and argues that it was subject to such general demurrer on the following grounds:

(1) That it failed to show that appellee had presented his account for the fees here claimed to "each regular term of the commissioners' court," as provided by article 1046 of the Code of Criminal Procedure; (2) because the account here sued on was not verified in accordance with said article; (3) that it failed to allege that the persons named in the statement were prisoners "confined in jail or under guard" as provided in article 1040, Code of Criminal Procedure; and (4) that it contained no allegation that the persons named were prisoners for whose safe-keeping Nolan county was liable.

Article 1046 provides that the sheriff shall present to the commissioners' court his verified account showing the expenses incurred by him for the safe-keeping and maintenance of prisoners since the presentation of his last account; such account is to be presented at each regular term of such court. We have concluded that the item of 15 cents per day for safe-keeping was not intended to be included in that account.

Under article 1040, subdivision No. 2, the net profits made by the sheriff under his allowance for support and maintenance of prisoners were declared to be fees of office and accountable, and, from a careful reading of article 1046, it appears that the account there provided for was intended only to apply to that portion of the statute.

The fee for safe-keeping seems to be a straight allowance to the sheriff and no expenses incurred by the sheriff are to be deducted therefrom. Therefore it would not be necessary for appellee to allege that he had presented his claim to the commissioners' court at each regular term. The article not applying, then the verification need not conform to the requirements of article 1046.

Appellee alleged in his petition: "That on various dates between January 1, 1927, and December 31, 1928, as set forth in plaintiff's sworn account filed herein marked Exhibit 'A,' and made a part hereof, the plaintiff as sheriff of Nolan County had the various persons listed in said account committed to his care for safekeeping. That plaintiff, as sheriff of Nolan County, did keep the various persons named in said account for the number of days and on the dates in said account mentioned. That under the law, Section No. 1, Art. 1040 of the Code of Criminal Procedure, he is and was entitled to receive 'for the safekeeping of each prisoner for each day the sum of fifteen cents, not to exceed the sum of two hundred dollars per month.'"

As against a general demurrer, these allegations appear to be sufficient.

Appellant's propositions as to the failure of appellee's petition to state when his claim was presented to and refused by the commissioners' court also seems to be without merit. The petition shows that the claim arose during the years 1927 and 1928, and that the claim was presented prior to the filing of the suit on September 12, 1929.

Appellant in its amended answer pleaded: "And for further and special answer in its behalf the defendant says that it appears from plaintiff's petition, and the sworn account sued on, that a large amount of said sworn account accrued prior to September 12, 1927, to-wit: The sum of $1,031.-45, which said amount is barred by the statute of two years limitation, and which said statute is here now pleaded in bar of all of said sworn account accruing prior to Sept. 12, 1927."

An exception was leveled at this plea by appellee and sustained by the trial court. This action by the court is assigned as error.

In thus sustaining the exception, the trial court was evidently of the opinion that two years had not elapsed since appellee's cause of action had accrued as to any of the items included in the statement.

As we view the facts in this record, some of the items were certainly barred by the statute, and this fact appearing from the pleading of appellee, the court erroneously struck out appellant's plea.

The statute provides that the sheriff shall be entitled to 15 cents for each day for the safe-keeping of each prisoner, and that the county shall be liable to him for this fee.

Therefore, there being nothing to prevent his bringing suit at that time, his right of action would arise immediately. If his claim were against an individual, this would certainly be true, and he could sue on each item until he reached the fixed limit of $200 for each month.

In the case of a county, however, there is a difference. A party having a claim against a county cannot sue until he has first presented it to the commissioners' court for allowance. Consequently appellee would have no right to bring a suit on any of the items claimed until after he had presented his claim and it had been refused.

The question then arises as to when he should present his claim. The statute providing a maximum which the sheriff is entitled to for any one month, we are of the opinion that he should present his claim at the next regular meeting of the commissioners' court after the expiration of the month for which his claim is made.

It certainly is important to the county that claims of this character should be presented promptly so that the commissioners' court could investigate the facts set out therein and intelligently pass upon the question of the county's liability, and we think the Legislature intended that such should be done.

It cannot be said that the right to delay the presentation of such a claim is given to the sheriff, and that he can, by merely failing or refusing to present his claim, toll the running of the statute and reserve for himself the right to sue within two years from such time as he decides to present it.

We are of the opinion that the statute began to run against the items becoming due in the several months at the next regular meeting of the commissioners' court thereafter, and that, appellee's own pleading showing that part of his claim was so barred, the court erred in sustaining the exception to appellant's plea.

The sworn statement attached to the petition was introduced in evidence over the objection of appellant, who later moved to strike the statement from the record. The motion was by the court overruled.

The admissibility of this account depends upon whether it is such an account as is contemplated by article 3736, Revised Statutes.

The word "account," as used in that statute, has been construed to apply to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property is passed from one to the other; and the relation of debtor and creditor is thereby created by general course of dealing. McCamant v. Batsell, 59 Tex. 363.

An application of that construction to the case at bar will readily show that the account here is not such a one as may be proved in the manner provided in such article.

The relation of debtor and creditor here does not arise by a course of dealing, but depends upon the statute. The transaction is not between persons, and did not involve the title to any personal property.

We think the statement was erroneously admitted, and should have been stricken.

We are also of the opinion that the burden was upon appellee to prove that the persons named in the list attached were prisoners; that is, that they were persons deprived of their liberty by virtue of a judicial or other lawful process. 21 R. C. L. p. 1167.

The statute gives the sheriff the right to collect the sum of 15 cents for each day for the safe-keeping of prisoners. The word "prisoners" could only mean those persons whose incarceration was necessary because they had been charged with some violation of the criminal laws of the state.

It certainly would not be reasonable to hold that the county would be liable to the sheriff for the safe-keeping of every person that he might desire to give a night's lodging in the county jail. The statute is apparently one passed by the Legislature in furtherance of the general scheme of the enforcement of the criminal laws of our state, and was never intended to apply except where the incarceration was necessary for that purpose.

The evidence of appellee reveals that a great number of the persons whose names appear upon the list were placed in jail after some crime had been committed in Nolan county, and were held only because appellee had a suspicion that they might be implicated.

The zeal of appellee may be commended, but the liability of the county cannot be made to depend upon whether a person has a suspicious appearance in the eyes of the sheriff.

The judgment must be reversed, and the cause remanded, and upon another trial we think the burden is upon appellee to prove that the person for whose safe-keeping he is seeking to recover was a prisoner as that word has been above defined.