## KANSAS CITY, M. & O. RY. CO. OF TEXAS v. McMULLAN et al.

### No. 7683.

Court of Civil Appeals of Texas. Austin.

March 16, 1932.

Rehearing Denied April 6, 1932.

Terry, Cavin & Mills, of Galveston, and Collins, Jackson & Snodgrass and Olin Blanks, all of San Angelo, for appellant.

Kerr & Gayer, of San Angelo, for appellees.

BLAIR, J.

The opinion on a former appeal, reported in (Tex. Civ. App.) 19 S.W.(2d) 98, states the nature of this suit. Suffice it to say here that appellees sued appellant for damages to a shipment of cattle, and recovered judgment for $200; hence this appeal.

The cause originated in the justice court, and the pleadings in all courts were oral. However, on the date of this trial of the case, April 23, 1931, the parties filed a written agreement to the effect that, on the first trial on appeal in the county court, October 2, 1928, appellees pleaded for damages as follows: (1) for shrinkage, due to delay and improper feeding in transit, of 30 pounds on each of the

54 head of cattle, at 5½ cents per pound, $89.10; (2) for decrease in market value due to poor condition in which cattle were delivered because of delay, $40; (3) for extra feed due to delay, $7.50; (4) for one cow killed in transit; (5) for attorney's fees for bringing this suit, $20; and (6) for interest (as damages) at 6 per cent. per annum from June 15, 1927, on the first four above items of damages; and that on this trial had April 23, 1931, appellees continued to plead for each of the above items of damages, specifically alleging that the market value of the cow killed was $20.54.

Under the above pleading appellees proved and the jury found in response to special issues the following items of damages:

1. Shrinkage in weight ............... $ 89.10
2. Decrease in market value .......... 40.00
3. Extra feed ....................... 7.50
4. Loss of cow killed ................ 20.54
5. Attorney's fees .................. 20.00
6. Interest on items (1), (2), (3) and (4) ........................... 36.15

$213.39

Appellees were allowed to remit the damages in excess of $200, and judgment was accordingly rendered for appellees for $200.

Appellant contends that the item of $20.54 for the cow killed was new and alleged for the first time on April 23, 1931; that the amended pleadings of that date authorized a recovery in excess of $200; and that, since the case was an appeal from the justice court, the county court had no jurisdiction, because the amount in controversy, as pleaded by appellees in the county court on the date of this trial, exceeded $200, exclusive of interest and costs.

The item for one cow killed was pleaded on the former trial. In our opinion on the former appeal, 19 S.W.(2d) 98, it is shown that appellees recovered "$20.54 for one cow killed." The correspondence between the parties shows that there was never any dispute about this item of $20.54 for the cow killed. The amended pleadings therefore asked for the same items of damages and for the same amount as to each item as the former pleadings, except the amended pleadings continued to pray for legal interest (as damages) accruing from June 15, 1927, the date the cattle were delivered in their damaged condition. The total of all items of damages, except interest, as pleaded in all courts was $177.14; and, at the time the case was filed in the justice court, the accrued interest pleaded (as damages) was about $4.12, showing an amount clearly within the jurisdiction of the justice court. In 11 Tex. Jur. 769, § 47, the rule controlling the question presented is stated as follows: "An amend-

ed petition wherein judgment is asked on the same cause of action that is stated in the original petition, but with legal interest (as damages) to the date of trial, does not enlarge the cause of action, for such interest would be recoverable without the amendment. This is the rule although the inclusion of interest brings the amount demanded to a sum in excess of that of which the court has jurisdiction."

In such a case the mere fact that interest (as damages) accumulated pending disposition of the action to an amount, which, with the damages pleaded, exceeded the jurisdiction of the court at the time the amended pleading was filed, or at the time judgment was rendered, would not oust the jurisdiction of the court to try and determine the cause of action presented; but it could render judgment for no greater sum than the jurisdictional limit of the court in which the suit was filed. Ft. Worth & D. C. Ry. Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806; Gulf Coast Transp. Co. v. Dillard (Tex. Civ. App.) 187 S. W. 975; J. F. Siensheimer & Co. v. Maryland Motor Car Ins. Co. (Tex. Civ. App.) 157 S. W. 228; Simms Oil Co. v. Hall (Tex. Civ. App.) 281 S. W. 286. It has also been held that the fact interest (as damages) accumulated, pending the action of the county court on a case appealed from the justice court, to an amount which, with the damages pleaded, was in excess of the original jurisdiction of the justice court, would not oust the jurisdiction of the county court to try and determine the cause of action presented; but it could render judgment for no greater amount than the jurisdictional limit of the justice court in which the suit was originally filed. Shaw v. Dockery (Tex. Com. App.) 272 S. W. 437.

The instant case is clearly controlled by the rule announced in the above authorities. The jury found damages amounting to $177.14, and that appellees were entitled to recover interest (as damages) on $157.14 of such damages from June 15, 1927, which amounted to $36.15 on the date the amended pleading was filed and on the date of judgment herein. Appellees remitted all damages in excess of $200, and judgment was rendered for only $200, an amount within the original jurisdiction of the justice court in which the suit was filed.

Appellant's second to seventeenth points of appeal object to the submission of each of the special issues to the jury. Each assignment upon which the points of appeal are based challenges the form of the issue submitted, and the same grounds in the main are urged in each assignment with respect to each special issue. In each it is urged that the issue complained of is not supported by pleadings or evidence, is confusing and misleading, and submits evidentiary and not ultimate facts of liability, and therefore prejudicial. After reading the pleadings, the evidence, and the issues submitted, we think all these points without merit, and overrule them without discussion, except to observe that, while some of the issues may have presented evidentiary matters and not ultimate facts establishing liability, no possible harm could have resulted to appellant; but a more onerous burden was placed upon appellees by submitting the issues. The ultimate fact issues were fairly and in understandable language submitted to the jury, and we will not review the mode of presenting them by the trial judge. Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541.

We also hold the objections without merit that the special issues authorized a double recovery of damages, because they allow for shrinkage in weight and loss caused by the remaining weight being worth less on the market. In 8 Tex. Jur. 534, the rule controlling this question is stated as follows: "If negligent delay in transportation caused a loss in weight, and this loss caused the remaining weight to be worth less on the market than it otherwise would have been, both the value of the lost weight and the depreciation of the remaining weight are proper elements of damages."

The judgment of the trial court will be affirmed.

Affirmed.