## BREWSTER COUNTY v. TAYLOR.

### No. 3771.

Court of Civil Appeals of Texas. El Paso.

Dec. 15, 1938.

Frank O. Ray, of Alpine, and Joseph G. Bennis, of El Paso, for plaintiff in error.

A. E. Owens, of Alpine, for defendant in error.

HIGGINS, Justice.

This is a suit by the appellee Taylor against Brewster County to recover the sum of $151.70 alleged to be due him as sheriff for the safe keeping, support and maintenance of prisoners confined in the Brewster County jail for certain months in 1937. Upon trial without a jury judgment was rendered in plaintiff's favor for the amount stated.

The first point presented passes out of the case. A correction of the transcript obviates the point made.

The second point proceeds upon· the theory that the verified accounts offered in evidence by the plaintiff were insufficient to support the action, citing Nolan County v. Yarbrough, Tex.Civ.App., 34 S.W.2d 302, 303. In that case it was held that verified accounts under Art. 3736 have no application to a demand of the present nature. This Court sustained an assignment complaining of the admission in evidence of such accounts. No complaint is here made of the admission in evidence of the plaintiff's verified accounts, and the question cited in the case cited is not here involved. The sheriff testified with reference to the accounts, and his evidence supports the correctness of the accounts and the judgment of the court establishing the same as a valid demand against Brewster County.

The third point asserts that the evidence is insufficient to support the judgment because it fails to show that the prisoners named in the accounts were prisoners within the meaning of Art. 1046,

C.C.P. The sheriff testified that "each prisoner named in these accounts was then or later actually charged with the commission of some offense." For a person to be a prisoner it is not necessary for a complaint to have been lodged against him before he is incarcerated, since peace officers are allowed under certain circumstances to make arrests without warrant, and it will not be presumed that the sheriff violated the law either in making the arrest or in failing to take the prisoner before a magistrate immediately. The testimony quoted is sufficient prima facie to show that such persons were prisoners within the meaning of said Art. 1046.

Affirmed.