**STEGALL, Sheriff, v. McLENNAN COUNTY.**

No. 2209.

Court of Civil Appeals of Texas. Waco.

Oct. 24, 1940.

Rehearing Denied Nov. 28, 1940.

McCraw & Holt, of Dallas, and Geo. W. Barcus, of Austin, for appellant.

Willard McLaughlin and Leonard Gorin, both of Waco, for appellee.

TIREY, Justice.

Leslie Stegall brought this suit against McLennan County to recover excess fees which he alleged he paid to said county while he was in the office as sheriff. At the conclusion of the testimony, the court gave a directed verdict for McLennan County, and plaintiff has appealed. The

parties will be designated as in the trial court.

Plaintiff was sheriff of McLennan County for the period beginning January 1922 and ending with December 1932. His salary was paid on what is commonly known as the "fee basis." Plaintiff, each respective year, filed his annual report with defendant, which report accounted for all monies received by him as sheriff during the preceding year and disbursed by him in his official capacity, and which report reflected the amount of compensation to be retained by him and the amount of excess fees to be turned over to McLennan County. These reports were audited and approved by the Commissioners' Court of said county. In July 1933, the State of Texas made demand of plaintiff for $848.-30 for fees which plaintiff had collected illegally from the state. Thereafter, in August 1933, plaintiff, without any court action, paid to the State of Texas the sum of $121.24 and delivered to the state for cancellation two deficiency certificates which he held in the sum of $90.55 and $636.51, respectively. This was in settlement of illegal fees claimed by the state for the years of 1923 to 1926, inclusive. Thereafter, the state filed suit against Leslie Stegall in the District Court of Travis County for the sum of approximately $4,-900, to recover illegal fees collected by him as sheriff for the years 1927 to 1932, inclusive. According to plaintiff's allegation, this demand was "for fees claimed and collected by this plaintiff from the State of Texas for mileage charged and arrests made, in the main, on warrants issued out of the Justice Courts of McLennan County, Texas, before an indictment had been returned by the grand jury of McLennan County." The county was not made a party to this suit. On July 9, 1935, Leslie Stegall made a compromise settlement with the State of Texas and an agreed judgment was entered in said suit, wherein the state acknowledged receipt of $1,250 in cash from Stegall in full payment of any items illegally collected during his tenure of office. On August 7, 1935, plaintiff filed a claim with the Commissioners' Court of McLennan County for $2,098.30. This claim consisted of two items. The first item was for the sum of $848.30 and was made up of the items constituting the settlement he made with the state in August 1933. The second item of $1,250 represented the money actually paid by Stegall to the state in his compromise settlement. Plaintiff's claim was denied by the Commissioners' Court on July 17, 1937, by order entered on the minutes of said court. About thirty days thereafter, this suit was filed in the 74th District Court of McLennan County. Defendant interposed general demurrer and, among other defenses, pleaded that the cause of action alleged by plaintiff was barred by the two-year statute of limitation, and further that plaintiff "voluntarily and without consulting the defendant and without any solicitation on the part of the defendant paid to the State of Texas the alleged illegal fees; that same was paid by plaintiff without any fraud, duress or extortion and when same was not an obligation on the part of the defendant."

We think the directed verdict must be sustained on two grounds. First of all, the plaintiff's cause of action as pleaded, as well as the facts introduced to support same, shows that the fees in question collected by him from the state and accounted by him to said county were done solely as the result of a mistake of law. As we view the matter, there was no mistake of fact. That is to say, the sheriff rendered the service that he claimed to have rendered on each of the warrants for which payment was made to him by the state, and his charge to the state therefor and collection of the items so charged was a mistake of law. It was likewise a mistake of law when he took such sums into consideration in his accounting to and with defendant county. It appears that our courts have uniformly held that an action does not lie in such cases. Limestone County v. Robbins, 120 Tex. 341, 38 S.W. 2d 580, point p. 582; Gilliam v. Alford, 69 Tex. 267, 6 S.W. 757; Taylor v. Hall, 71 Tex. 213, 216, 9 S.W. 141. We think the rule in Texas is: "When money is paid under a mutual mistake of law, the mistake of law, in and of itself, is no ground for recovering it back. All persons are equally presumed to know the law, and in such case both parties are equally at fault, and equally innocent of wrong done. To admit ignorance of law to be legally recognized as a fact sufficient in itself to pervert the will of the parties doing the act, so that it should be said and held that the will did not concur with the act done, thereby relieving him from the responsibility for and the consequences of the act, would render the administration of the law im-

practicable; and hence the rule is founded upon a political necessity, as well as upon public policy." Galveston County v. Gorham, 49 Tex. 279, point page 303.

Surely, this record discloses that each of the acts done by Sheriff Leslie Stegall and McLennan County in connection with the matter in question was done voluntarily, without compulsion or duress under a mutual mistake of law. If the acts done by Stegall had been legal, a mistake of fact could not have occurred. Under the foregoing theory, we think that the peremptory instruction must be sustained.

We think the directed verdict must be sustained under the two-year statute of limitation. Vernon's Ann.Civ.St. art. 5526. The rule as to the running of limitation in matters involving mutual mistake is within the same rule as fraud. See Oldham v. Medearis, 90 Tex. 506, 39 S.W. 919; 28 Tex.Jur. p. 166; 37 C.J. p. 950. In fraud actions, "the rule is that limitation begins to run from the time of the discovery of the fraud, or from the time it might have been discovered by the use of reasonable diligence." Glenn v. Steele, Tex.Sup., 61 S.W.2d 810; American Indemnity Co. v. Ernst & Ernst, Tex.Civ. App., 106 S.W.2d 763. Now plaintiff alleged, and admitted in his brief, that the illegal fees in question, in the main, were for charges made by the sheriff in going out of McLennan County and arresting parties charged with crime and returning them to said county before they had been indicted. The plaintiff received notice from the state in July 1933 that the fees collected for such service were illegal. The state having called plaintiff's attention to the fact that he had collected illegal fees for the service rendered, it occurs to us that if the plaintiff intended to make claim against the county by virtue of the fact that such fees had been taken into account by him in his settlement to and with McLennan County, that it was his legal duty to call said facts to the attention of the county at once in order to give it an opportunity to make such investigation as it desired to make with reference thereto. The county had no control over plaintiff's conduct and acts to and with the state, but it had the right to examine the account of the sheriff to and with it and determine what its liability was to the sheriff. We are of the opinion that limitation began to run in favor of the county from the time such claim as the sheriff had against it matured, whether presented. to the Commissioners' Court and by them rejected or not. The sheriff was required and made his annual report to the county at the end of each fiscal year. Therefore, when it was brought to his attention that he had collected illegal fees, we think it was his duty to make such report to the Commissioners' Court of McLennan County within a reasonable time in order that it could use such means as it had at its command to determine, if it so desired, what offsets or claims, if any, it had. This rule was announced in Noel Young Bond & Stock Co. v. Mitchell County, 21 Tex.Civ.App. 638, 54 S.W. 284, point page 289, writ refused. Smith v. Wise County, Tex.Civ. App., 187 S.W. 705, 706, writ refused; Nolan County v. Yarbrough, Tex.Civ.App., 34 S.W.2d 302; 11 Tex.Jur., p. 691. It is true that under Article 1573, Vernon's Ann.Civ.Stats., the county can not be sued unless the claim has been first presented to the Commissioners' Court for allowance, but we believe that our courts have held that the statute begins to run before the presentment of the claim to the Commissioners' Court. See Stanley v. United States, D.C., 23 F.2d 870. The court, in Nolan County v. Yarbrough, supra [34 S. W.2d 304], in discussing the question of the presentment of the claim to the Commissioners' Court, said: "It cannot be said that the right to delay the presentation of such a claim is given to the sheriff, and that he can, by merely failing or refusing to present his claim, toll the running of the statute and reserve for himself the right to sue within two years from such time as he decides to present it."

We think the reason given is sound and that it is applicable to the case at bar. We therefore hold that notice having been brought home to the plaintiff in July 1933 that he had collected illegal fees for services rendered, that it was his duty to, within a reasonable time, advise McLennan County of such fact and make claim therefor, and that his failure to do so until August 7, 1935, was an unreasonable time and that the two-year statute of limitation bars such rights, if any, that he had against McLennan County.

The judgment of the trial court is affirmed.