**CITY OF TAYLOR et al. v. HODGES et al.**

**No. 9464.**

Court of Civil Appeals of Texas. Austin.

Oct. 25, 1944.

Rehearing Denied Nov. 8, 1944.

E. M. Grimes, of Taylor, for appellants.

W. H. Nunn and W. K. McClain, both of Georgetown, for appellees.

BAUGH, Justice.

The City of Taylor, a home rule city, joined by E. K. Doak, the local registrar of births and deaths, sued the county auditor, county treasurer, and county commissioners of Williamson County, in their official capacities, to recover $566.50 statutory regis-tration fees authorized under Art. 4477, Rules 34a–55a, Vernon's Ann.Civ.St., paid by said City to Doak for the period from June 17, 1941, to June 30, 1943. Trial was to the court without a jury and judgment rendered that plaintiffs take nothing; hence this appeal.

The appellants will be referred to as the City and the appellees as the County. While other contentions are raised, the controlling and determinative issue is whether or not the City can recover from the County the statutory fees due under the law to Doak by the County, voluntarily paid by the City under a mistake of law, upon the assumption that the City owed them; and paid without the request, knowledge or consent of the County. We have concluded that it cannot.

The pertinent facts, all agreed to, are: The City of Taylor is a home rule city with a commission form of government and a city manager. Under Rule 36a, Art. 4477, Vernon's Ann.Civ.St., as amended, it is made a Primary Registration District and the City Clerk or City Secretary is made the local registrar of birth and death certificates. In the instant case he failed, neglected or refused to act. The State Board of Health, as directed in Rule 37a, Art. 4477, and with the approval of the City Commissioners, appointed Doak as local registrar. Under the law, the local registrar is required to send such certificates monthly to the State Registrar, who in turn certifies the number of certificates annually, quarterly or monthly to the Commissioners Court or County Auditor, and after audit thereof the county pays the local registrar, unless compensation is "otherwise fixed by City Ordinance." Rule 53a, Art. 4477. The City of Taylor, under its charter, had authority to otherwise fix such compensation but had not done so by ordinance. Prior to August 24, 1943, the State Registrar had never certified the birth and death certificates to the County Clerk, but had sent same to the City of Taylor instead, the City of Taylor had paid the local registrar out of its own funds, and had never sent any bill to, nor made any demand upon, the County to pay such fees or to reimburse it for what it had paid, until after August 24, 1943.

No officer of the County did anything which could constitute fraud, imposition, or deception against the City. The City did that which it was clearly authorized under its charter to do, had it so desired, by the passage of a proper ordinance. It was

charged with knowledge of the law prescribing the amount of the debt to Doak for such registration, and by whom it should be paid. There being no legal liability upon the City to pay Doak, and the City having paid him with knowledge of all the facts such payment must be deemed to have been wholly voluntary on the part of the City. The uniform rule in such cases is that the City could not recover it back because paid under a mistake of law. Stegall v. McLennan County, Tex.Civ.App., 144 S.W.2d 1112; Limestone County v. Robbins, 120 Tex. 341, 38 S.W.2d 580; 40 Am.Jur., § 157, p. 820, § 205, p. 856; 29 Tex.Jur., § 5, p. 736, and cases cited in the footnotes; 30 Tex. Jur., § 53, p. 739. Under such circumstances the payment being voluntary and not necessary to protect any of the City's interests, it could not be subrogated to any claims or rights Doak may have had against the County. Small v. Brooks, Tex.Civ.App., 163 S. W.2d 236, writ refused; 39 Tex.Jur., § 27, p. 785, and cases cited; 50 Am.Jur., § 21, p. 696.

■ It is urged that the City should be reimbursed because the County received the full benefit of the payment; because it would be unconscionable for the County to receive and retain such benefits without repayment to the City; and would result in unjust enrichment of the County to that extent. However the City did not pay such registration fees as the debt of the County; nor on the grounds that it was itself under obligation to pay a debt owed by the County. It paid the debt under a mistake of law that the debt was its own—not the debt of the County. In the Am.Law Inst.Restatement of the Law on the subject of Restitution it is stated (Sec. 55, p. 213): "A person who has conferred a benefit upon another induced thereto by a mistake of law, is entitled to restitution thereof if his mistake was caused by (a) reliance upon a fraudulent misrepresentation of law by the other, or (b) justifiable reliance upon an innocent misrepresentation of law by the other."

Neither of these conditions prevailed in the instant case. In the early case of Galveston County v. Gorham, 49 Tex. 279, 303, where money not legally due was voluntarily paid to the County under a mistake of law, it was held that it was not unconscionable for the County to keep it under such circumstances. The rule, though it may sometimes operate unfairly, is of long standing in both England and in the United States, and is grounded on public policy.

The City must accordingly bear the burden of its mistake in making such voluntary payment without any legal obligation to do so, or any inducement to do so by the County.

The judgment of the trial court will therefore be affirmed.

Affirmed.