

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

October 18, 1949

Hon. Jep S. Fuller
Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. V-936

Re: Applicability of two
year statute of limita-
tions to the recovery
of the balance of de-
linquent fees due the
District Clerk under
facts submitted.

Dear Sir:

  The District Clerk of Jefferson County was elected in 1932 and assumed the office January 1, 1933. In the year 1933 he received $2,210, less than the maximum amount provided by law. Subsequently within the time prescribed by law the District Clerk reported as delinquent fees for 1933 an amount in excess of $2,210. In 1934 the District Clerk collected the amount of $2,-410.99 in delinquent fees which were charged and reported in 1933. He retained only one-fourth of this amount upon instructions to that effect by the County Auditor. In subsequent years he has collected additional amounts for fees reported delinquent in 1933 and in each instance has been permitted to retain only one-fourth of the amount collected. On the basis of the foregoing facts, you have requested an opinion on the following questions:

  "1. Is the two year statute of limitations applicable to recovery of the balance of the delinquent fees due the district clerk?

  "2. When did the right of action of the district clerk accrue so as to start the running of the statute of limitations?"

  In the case of Smith v. Wise County, 187 S.W. 705 (Tex.Civ.App.1916, error ref.), Smith sued Wise County for the balance due him as compensation as county treasurer for four years beginning November 10, 1910, and ending November 16, 1914. Wise County pleaded the two year statute of limitations. The court in discussing the question of whether the claim was barred by the two year statute of limitations held:

"As to the last question presented, we are of the opinion that the statute of limitation would preclude a recovery for any amount further than for commissions accruing and due and payable under his second term of office, and for the two years preceding the date suit was filed, to wit, December 2, 1914. Appellant presented his claim to the commissioners' court, in the sum sued for, on November 25, 1914, and on the 27th thereafter it was by said court rejected. Appellant urges that the statute of limitation did not begin to run until such disallowance by the court, and cites, in support of this contention, article 1366 of the Revised Civil Statutes, which provides that:

"'No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof.'

". . . The statute was evidently enacted for the benefit of the county, that it might have the opportunity to have passed on by its representatives managing body all claims against it before it could be subjected to the expense and vexation of suit. It certainly never was contemplated that one having a claim against a county could delay its presentation to the commissioners' court indefinitely, and thereby preclude the running of limitation. As is well said in 25 Cyc. 1198:

"'Where plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act; if the time for such performance is not definitely fixed, a reasonable time, but that only, will be allowed therefor.'

"In the same text, page 1198 (B), it is further stated:

"'Where, although the cause of action itself has accrued, some preliminary step is required before a resort can be had to the remedy, the condition referring merely to the remedy and not to the right, the cause will be barred if not brought within the statutory period; therefore the preliminary step must be taken within that period.'"

In view of the foregoing case it is our opinion that the two year statute of limitations applies to the fact situation presented by you in your request and begins to run when the right to retain delinquent fees collected accrues. Stegall v. McLennan County, 144 S.W. 2d 1111 (Tex.Civ.App.1940, error dism.).

In arriving at the foregoing conclusion we are not unmindful of the case of Kerby v. Collin County, 212 S.W.2d 494 (Tex.Civ.App.1948), which held that the four year statute of limitations applied to the recovery of unpaid salary claimed to be due for services as county treasurer. In that case it was held that the four year statute of limitations applied because the county treasurer in question had been appointed by the Commissioners' Court to fill an unexpired term and the Court held that the appointment by the Commissioners' Court constituted a contract in writing within the meaning of the four year statute of limitations. We quote the following:

"We agree that a statute or ordinance fixing salary or fees of office, standing alone, cannot be made the basis of a contract within the meaning of the four-year statute of limitations. However, we do not think that rule is applicable to the instant case. With regard to this question of limitation, we think the difference in the status before the court of an elected officer from that of an appointed officer, lies in the difference in method and procedure prescribed for selecting these officers. The elected officer is chosen and authorized by the individual voters at the ballot box, and the duty required of the Commissioners' Court in ascertaining and announcing the result is not contractual

in nature, but purely ministerial; whereas,
in appointing an officer to a vacancy, the
court exercised its own discretion, makes
the selection and authorizes the selectee
to act, and is required to keep a record
in its minutes of such proceedings."

Article 3892, Vernon's Civil Statutes provides:

"Any officer mentioned in this Chapter
who does not collect the maximum amount of
his fees for any fiscal year and who reports
delinquent fees for that year, shall be en-
titled to retain, when collected, such part
of such delinquent fees as is sufficient to
complete the maximum compensation authorized
by Articles 3883, 3883-A, and 3886 for the
year in which delinquent fees were charged,
and also retain the amount of excess fees
authorized by law, and the remainder of the
delinquent fees for that fiscal year shall
be paid as herein provided for when collect-
ed; provided, the provisions of this Article
shall not apply to any officer after one year
from the date he ceases to hold the office to
which any delinquent fee is due, and in the
event the officer earning the fees that are
delinquent has not collected the same within
twelve months after he ceases to hold the of-
fice, the amount of fees collected shall be
paid into the county treasury.  Provided, how-
ever, that nothing in this Act precludes the
payment of ex-officio fees in accordance with
Title 61 of the Revised Civil Statutes of
Texas, 1925, as part of the maximum compensa-
tion.  Provided, that any change made in this
Article by this Act shall not apply to fees
heretofore earned."

In view of the foregoing Article it is our
opinion that the claim of the District Clerk under the
facts submitted accrued on the date he collected delin-
quent fees reported for the fiscal year 1933, and limi-
tation began to run from that date.

## SUMMARY

The two year statute of limitations is
applicable to recovery of the balance of

delinquent fees due the District Clerk in a suit against the county, and the statute of limitations will begin to run on the date the District Clerk collected delinquent fees reported for a previous year. Smith v. Wise County, 187 S.W. 705 (Tex.Civ.App.1916, error ref.); Stegall v. McLennan County, 144 S.W.2d 1111 (Tex.Civ.App.1940, error dism.).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JR:bh:mw

By John Reeves
John Reeves
Assistant

APPROVED

FIRST-ASSISTANT
ATTORNEY GENERAL