

# The Attorney General of Texas

December 3, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

1824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

106 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Rene A. Guerra
Criminal District Attorney Pro Tem
Hidalgo County
Edinburg, Texas 78539

Opinion No. MW-93

Re: Payment by board of trustees of an independent school district for expenses incurred by relatives of board members or other non-board persons who attended school board-related activities.

Dear Mr. Guerra:

You ask whether the trustees of an independent school district may pay expenses incurred by spouses or other persons who accompany school board members to board-related activities, even though these persons are not school board members or employees of the school district. You inform us that school board members of an independent school district have attended school-related conventions accompanied by their spouses. The board of trustees has authorized payment for the actual expenses, including travel, meals, and lodging, incurred by spouses of board members in attending conventions.

The board's authority to pay expenses incurred by board members in attending school-related conventions derives from the following provision of the Education Code:

> Local school funds ... may be used for the purposes enumerated for state and county funds ... and for other purposes necessary in the conduct of public schools to be determined by the board of trustees. ...

Educ. Code § 20.48(c). In Attorney General Opinion H-133 (1973) this office considered whether a school board member could be reimbursed for his expenses in attending a convention of school administrators. He had been designated a delegate and was to participate in a program concerning matters important to the school district. The opinion concluded that the school board could pay these expenses where it determined that payment was "necessary in the conduct of the public schools." Each determination and the legality of a particular expenditure was ultimately for the courts. If

the expenditure served only private ends and did not have a public purpose it would make an unconstitutional grant of public funds in violation of article III, sections 51 and 52 of the Texas Constitution. See Attorney General Opinion H-70 (1973).

The school board generally has discretion to determine whether a particular payment is "necessary in the conduct of the public schools." However, in our opinion the board may not as a matter of law pay the expenses of persons who have no responsibilities or duties to perform for the board and whose connection with public school matters is based solely on their relationship of blood, marriage, or friendship with a board member. You have submitted no facts indicating that the presence of a school board member's spouse, relative or other associate at a convention will serve school purposes. The presence of these persons at a convention appears to be purely social. Although a spouse's presence at a convention may facilitate personal contact among administrators and thus contribute in some small way to school purposes, we believe the benefit accruing to the school district is too minimal to sustain the expenditure. Cf. Warwick v. United States, 236 F. Supp. 761 (E.D. Va. 1964) (deductibility from federal income tax return of a wife's travel expenses).

We note that Attorney General Opinion H-1089 (1977) concluded that spouses of public officials could in some cases receive free transportation on state-owned aircraft where space is available. Whether this benefit could be provided legally depended in part on the nature of the office, on the spouse's traditional role, and the spouse's connection with a particular trip. This opinion must be limited to its facts, and you have presented no facts and we are aware of none which would establish a public purpose served by the spouse's attendance at a convention.

You next ask whether school board members who received payments for expenses incurred by non-members should be required to reimburse the school district. Where payment is made from public funds under mistake of law, the public body may seek reimbursement. City of Taylor v. Hodges, 186 S.W.2d 61 (Tex. 1945); Cameron County v. Fox, 2 S.W.2d 433 (Tex. Comm. App. 1928, jdgmt adopted). This provides an exception to the general rule that money paid under a mutual mistake of law may not be recovered. City of Taylor v. Hodges, supra; Gould v. City of El Paso, 440 S.W.2d 696 (Tex. Civ. App. — El Paso 1969, writ ref'd n.r.e.); Nunn-Warren Pub. Co. v. Hutchinson County, 45 S.W.2d 651 (Tex. Civ. App. — Amarillo 1932, writ ref'd). Compare County of Galveston v. Gorham, 49 Tex. 279 (1878); Stegall v. McLennan County, 144 S.W.2d 1111 (Tex. Civ. App. — Waco 1940, writ dism. jdgmt cor.). Although the court in Hayward v. City of Corpus Christi, 195 S.W.2d 995 (Tex. Civ. App. — Waco 1946, writ ref'd n.r.e.) stated in dicta that interest payments made by a city under mistake of law could not be recovered, its decision actually rested on the ground that the statute of limitations barred recovery. Thus, the school board has authority to require reimbursement of travel expenses illegally paid. See also Educ. Code § 23.26(a) (trustees may sue and be sued).

As a general rule, school trustees have broad powers of control and management over the school district, and the courts will not interfere unless a clear abuse of power and discretion appears. Nichols v. Aldine Ind. School Dist., 356 S.W.2d 182 (Tex. Civ. App. — Houston 1962, no writ); Kissick v. Garland Ind. School Dist., 330 S.W.2d 708 (Tex. Civ.

App. — Dallas 1959, writ ref'd n.r.e.). Where the school board members themselves have received unauthorized travel expenses, their own self-interest prevents them from impartially deciding to forego repayment. We believe their usual discretion is significantly limited in this case. Cf. Penal Code § 39.01 (official misconduct). We believe the board may exercise reasonable discretion in seeking reimbursement from persons no longer on the board. In making its decision it can consider such factors as the amount of funds to be reimbursed, the ease of collection, and the legal and other costs incident to collection.

## SUMMARY

The trustees of an independent school district may not ordinarily pay the travel expenses of spouses and other persons who accompany school board members to board-related activities. The board has authority to seek reimbursement for payments made for such travel expenses.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood
Lonny Zwiener