JONES COUNTY v. MOORE.  (No. 384.)

Court of Civil Appeals of Texas. Eastland.
March 2, 1928.

Rehearing Denied March 30, 1928.

1. Counties ⟨⟩146—Highways ⟨⟩120(4)—County is not liable at common law for negligence of its officer; hence allegation of negligence of county officers in diverting waterflow across highway was unnecessary and surplusage in action for damages.

In action against county for damages sustained to lands on account of water being diverted from its natural flow across a public road, allegation of negligence in petition was unnecessary and may be treated as surplusage, since a county is not liable at common law for negligence of its officers in performance of official acts.

2. Highways ⟨⟩120(4)—Petition alleging damage to lands from diversion of water by public road held sufficient as against general demurrer (Const. art. I, § 17; Rev. St. 1925, art. 6730).

In action against county for damages to lands on account of water being diverted from natural flow across public road, based on Const. art. 1, § 17; Rev. St. 1925, art. 6730, petition alleging construction of road in such manner as to stop up natural drains held sufficient as against general demurrer, without alleging that grading was done by order of commissioners' court, such order being unnecessary.

3. Highways ⟨⟩120(4)—Petition held not so insufficient as to leave it uncertain as to whether county or county judge and commissioners were liable for damage.

Where facts pleaded in petition alleging damage to lands on account of water being diverted from natural flow across public road

showed liability of county which was expressly alleged, it was not insufficient for uncertainty as·to whether county or county judge and commissioners, who were alternately alleged liable, were liable·for acts complained of.

**4. Highways ⚫➡120(4)—Petition alleging damage caused by diverting water from natural flow across road held sufficiently specific as alleging nature of diversion.**

In action against county for damages to lands on account of water being diverted from natural flow across public road, petition alleging that natural drain crossed road at given point, but that dam was placed at such point and culvert at another given point, *held,* sufficiently specific as alleging nature of diversion.

**5. Appeal and error ⚫➡518(4)—Appellate court cannot consider abandoned answer.**

Answer which had been abandoned has no proper place in transcript, and cannot be considered by appellate court.

**6. Highways ⚫➡120(2)—Defective construction of ditch to carry off waters diverted from natural drains held immaterial as bearing on county's liability for damages traceable directly to grading of road.**

In action against county for damages to lands on account of water being diverted from its natural flow across public road, liability on account of defective construction of ditch for purpose of carrying off water *held,* immaterial, since damages were not based on fact of construction of ditch, but were traceable directly to grading of road and erection of dams across natural drain.

**7. Estoppel ⚫➡90(4)—Landowner consenting to construction of ditch to carry off water diverted by road held not estopped to claim damages resulting.**

Landowner consenting to county's constructing ditch along public road to carry off water diverted from its natural flow *held* not estopped to claim damages resulting from such diversion of water on failure of ditch to carry it off properly.

**8. Counties ⚫➡216—Cause of action against county for damage was not barred until two years after rejection of claim by commissioners' court (Rev. St. 1925, arts. 1573, 5524).**

Under Rev. St. 1925, art. 1573, requiring presentment of claims against county to commissioners' court before bringing suit, cause of action against county for damages to land on account of water being diverted from its natural flow across public road was not barred by reason of limitation of article 5524 until two years after rejection of claim by commissioners' court.

**9. Counties ⚫➡225—Judgment against county for damage to land on account of water being diverted from natural flow held erroneous in awarding execution (Rev. St. 1925, art. 1575).**

Under Rev. St. 1925, art. 1575, providing that no execution shall be issued on any judgment against county, judgment in action for damages to lands on account of water being diverted from natural flow across public road

*held,* erroneous,· in so far as it awarded execution against county.

**10. Appeal and error ⚫➡1152—Appellate court will reform judgment against county erroneously awarding execution (Rev. St. 1925, art. 1575).**

Where judgment against county awarded execution in violation of Rev. St. 1925, art. 1575, appellate court will not reverse case for such reason only, but will reform judgment in such particular.

Appeal from ·District Court, ·Jones County; W. R. Chapman, Judge.

Action by W. B. Moore against Jones County. Judgment for plaintiff, and defendant appeals. Judgment reformed, and, as reformed, affirmed.

Coombes & Andrews and E. V. Hardwick, all of Stamford, for appellant.

Cox & Hayden and Frank E. Smith, all of Abilene, for appellee.

HICKMAN, C. J. The appeal is from a judgment in favor of appellee against appellant for $2,550 damages sustained to lands of appellee on account of water being diverted from its natural flow across a public road and caused to flow over appellee's lands. ·Many of the assignments of error complain of the rulings of the trial court upon. exceptions to appellee's petition, which makes it necessary to an understanding of our rulings thereon for us to state in this opinion, in substance, the allegations of the petition in so far as the demurrers attack the sufficiency thereof.

The case was tried on plaintiff's fourth amended original petition, alleging that plaintiff complained of Jones county, a duly and legally organized county in the state of Texas, and certain named individuals, who composed the commissioners' court at the time the injuries complained of occurred, as well as those who composed the court at the time of the filing of the petition. It alleged the ownership by appellee of a certain tract of land described therein upon which he and his family resided; that his cultivated land was practically level prior to the year 1924, at which time flood and rain water from about 300 acres of land adjacent thereto drained upon said land, but, owing to the nature and topography of said land and drainage, the water, following its natural course did not concentrate at any particular place, and, did not injure or wash his land; that a public road about 50 feet wide runs north and south along the west side of a portion of his land, and a public road about 50 feet wide runs east and west for several miles and intersects said north and south road about 200 yards north of the northwest corner of his land; that said roads are public roads, and were laid out and accepted by the defendant, Jones

county, were situated in Jones county; and that the defendants, Jones county and the individuals named in the petition, had undertaken, and were bound to maintain same; that on or about March, 1924, the defendants did knowingly cause and have said public roads, which they were bound and undertook to maintain, graded and remain graded, so that deep ditches were cut on each side of said roads, and placed wooden culverts on said roads at different points particularly described in the petition, and did also stop up certain natural drains across said roads at certain places particularly described, by reason of which a large quantity of water was diverted from its natural course; that said water was so diverted as to direct same from nine sections of land across that portion of plaintiff's said premises situated in Jones county, so that a large volume of water that otherwise, in the absence of any grading, culverts and stopping up of natural drains, would have passed off in an easterly direction and to the north of his land through natural water courses, was caused to flow across and damage his land. The petition described the point where the water entered the land and the character of injuries resulting thereto by reason of the water flowing across it. Negligence was alleged in general in the construction of the culverts, dams and ditches.

It is further alleged that when said water was first diverted it entered plaintiff's premises in the center of the west line of his cultivated land, flowing in great quantities through the center of same, and to his great damage; that in order to prevent said damages, and on or about January, 1925, he gave the defendant, Jones county, a right of way along the north side of the land above described, for the purpose of constructing a ditch thereon to carry off said diverted water, so as not to injure his premises. The allegation is then made of the improper, inadequate, and faulty construction of this ditch, as a result of which water broke over the embankment thereto and flowed across his land. He admits in his pleading that he agreed with the defendant, Jones county, that it might construct a culvert southwest of the schoolhouse near the northwest corner of his lands, said agreement having been made with the understanding that the water would be carried off through the ditch to be constructed on the right of way which he gave the defendant. The admission is also made that he consented for the defendant, Jones county, to put the dams in the road adjacent to said culvert in order to drain water from both sides of the road and into said ditch, but that his consent was given with the understanding that said diverted waters would be carried off through said ditch. It is alleged that the claim had been presented to the commissioners' court of Jones county, and had been by said court disallowed. The allega-

tion is made that Jones county is liable for said damages, but, if said county is not liable, then the individual defendants are jointly and severally liable.

There are many allegations in the petition seeking to show plaintiff's right to an injunction, but since a special exception was sustained to the petition in so far as same sought an injunction, and since no injunction was granted, we will not detail the pleadings covering this phase of the case.

[1, 2] It is urged by appellant that the petition was bad as against a general demurrer. One of the particulars in which its insufficiency is challenged is that it did not allege that the grading of the road was done by the road overseer or by order of the commissioners' court. The case of Nussbaum v. Bell County, 97 Tex. 86, 76 S. W. 430, is cited and relied upon as authority for this contention. We think appellee's petition supplied the allegations lacking in the petition in that case. The allegation of negligence in the petition was unnecessary, and may be treated as surplusage. A county is not liable at common law for the negligence of its officers in the performance of official acts. Harris County v. Gerhart, 115 Tex. 449, 283 S. W. 139. Nor is it liable for the acts of its officers, where such acts are not performed in connection with their official duties. Nussbaum v. Bell County, supra. The liability of a county for damages in actions of this character is based upon article 1, § 17, of the Constitution, providing that no person's property shall be taken, damaged, or destroyed for or applied to public use, without adequate compensation being made, unless by the consent of such person, or upon article 6730 of the Revised Statutes of 1925, which reads as follows:

"*Drains.*—The earth necessary to construct a causeway shall be taken from both sides, so as to make a drain on each side thereof. Whenever it is necessary to drain the water from any public road, the overseer shall cut a ditch for that purpose, having due regard for the natural water flow, and with as little injury as possible to the adjacent land owners. In such cases the commissioners court shall cause the damages to such premises to be assessed and paid out of the general revenues of the county, and in case of disagreement the same may be settled by suit as in other cases."

The petition in this case is sufficient to allege that this damage was caused by the county in the discharge of its duty to grade and maintain its public roads, which roads it had undertaken and was bound to maintain. No further allegations in that regard were required. It was not incumbent upon plaintiff either to allege or prove that the grading was done by order of the commissioners' court. No order of the commissioners' court is required by law for the grading of a road.

[3] It is urged that the petition is insufficient, in that the allegations leave it uncertain as to whether the county or the county

judge and commissioners were liable for the acts complained of. The case of Nussbaum v. Bell County, supra, is cited in support of this argument. We cannot sustain this contention. In the cited case the allegations were not sufficient to show liability as to either the county or the individuals named. In the instant case the facts pleaded show liability of the county, which is expressly alleged, followed by the alternative allegation of liability of the other defendants. There is no rule of pleading violated by making allegations in this manner. All of the assignments complaining of the action of the trial court in overruling the general demurrer are overruled.

[4] By a special exception appellant challenged the sufficiency of the petition and its allegations as to how the grading was done, culverts placed, and drains stopped, insisting that such allegations were too general to inform appellant of the character of proof which would be relied upon in support thereof. We think the petition went into this matter in great detail. It alleged the distances of each culvert from a given point, and likewise the distances of each dam and drain from the same point. The complaint seems to be that, while the petition did allege certain definite points where culverts were placed and where natural drains were closed, and that by calculation it could be determined that these points did not coincide; yet there is no specific allegation that these points did not coincide and no allegation that the failure of such points to coincide caused the damages. We cannot sustain this contention. A petition which alleges that a natural drain crossed a road at a given point, but that a dam was placed at that point and a culvert placed at another given point, is certainly specific enough to allege how water was diverted from that natural drain.

[5] The eighth proposition contained in the brief cannot be sustained because it calls for a consideration of an abandoned answer of the defendant, which was not introduced in evidence. This answer has no proper place in the transcript and cannot be considered by us.

[6] The facts disclose that a large quantity of water was diverted from natural drains and caused to flow down the public road adjacent to appellee's land; that appellee, in order to protect his property from the damages that would result thereto on account of the condition thus brought about by the county, gave to the county a right of way across the north line of his land, so that it could construct a ditch across same to carry off this water, and in that way prevent the damage to his land. This ditch was constructed, but did not serve its intended use. Assignments are contained in the brief based upon the theory that no liability could rest upon the county on account of the defective construction of this ditch, as it was not dug to drain the road, but to protect appellee's property. Various assignments relating to this phase of the case are contained in the brief. We do not regard these assignments as being material to a decision of this case. The evidence justifies the conclusion that appellee's land suffered no more injuries than it would have suffered had that ditch not been constructed. The evidence indicated that the ditch reduced the amount of his injuries. Had the ditch served the purpose intended, no damages would have resulted to appellee, but since it did not serve its purpose fully, damages did result. These damages are not based on the fact of the construction of this ditch, but are traceable directly to the grading of the road and the erection of dams across the natural drains leading off from the road. We therefore conclude that no error is presented by any of the assignments relating to the construction of this ditch.

[7] A large section of appellant's brief is devoted to the proposition that appellee consented to the doing of every act complained of in its petition, and that, having consented thereto and procured the doing thereof, he is estopped to assert any damages. This contention is not supported by the evidence. Appellee did consent to the construction of the ditch across the north line of his land and to the culverts and dam at the schoolhouse near his place; but we find no evidence that his consent extended any further than that. The evidence would support the conclusion that a condition had been brought about by the county, the only result of which would be to destroy appellee's land, and that appellee consented to the doing of such things as it was thought would remedy the situation which confronted him. No element of estoppel arises from facts of that nature, and the case of City of Texarkana v. Talbot, 7 Tex. Civ. App. 202, 26 S. W. 451, and other like cases cited and relied upon by appellant, have no application.

The two years' statute of limitation is interposed as a bar to appellee's right of recovery. The petition alleged that the grading complained of was done a little more than two years prior to the filing of appellee's original petition, and the argument is made that limitation began to run, not from the time when appellee's land sustained its first injuries from overflows, but from the date of the completion of the grading, and that appellee's cause of action was therefore barred when his suit was filed. It is unnecessary to a determination of the question of limitation for us to express an opinion regarding the question raised in appellant's brief, because the assignments must be overruled on another ground, about which we think there can be no question.

[8] By article 1573, R. S. 1925, it is provided that no county shall be sued unless the

claim upon which such suit is founded shall be first presented to the commissioners' court for allowance, etc. This statute is applicable to claims like the one upon which this suit is based. Morgan v. Oliver, 60 Tex. Civ. App. 210, 129 S. W. 156; Stringer v. Franklin County, 58 Tex. Civ. App. 343, 123 S. W. 1168; Bitter v. Bexar County (Tex. Civ. App.) 266 S. W. 224.

By article 5524, R. S. 1925, limitation begins to run when the cause of action accrues. By "cause of action" is meant the right to institute suit. Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Tex. 514, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629; Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025; 37 C. J. p. 807, § 152.

Appellee's right to institute suit in this case did not accrue until after his claim had been rejected by the commissioners' court, and two years did not elapse after such rejection before suit was filed.

[9] The judgment in this case awards execution against the appellant, Jones county. This is assigned as error. Article 1575, R. S. 1925, provides that no execution shall be issued on any judgment against any county. The judgment was erroneous in awarding execution. Trinity County v. Polk County, 58 Tex. 321; Kaufman County v. Gaston (Tex. Civ. App.) 273 S. W. 273.

[10] However, this is no ground for reversing the case, but we have the authority, and it is our duty, to reform the judgment in this court in that particular. Trinity County v. Polk County, supra. It is therefore our order that the judgment of the trial court be so reformed as to exclude the provision for execution, and, as reformed, that it be affirmed.