# APRIL, 1945

### CITY OF TAYLOR ET AL V. H. A. HODGES ET AL.

No. A-401. Decided March 7. 1945.
Rehearing overruled April 4, 1945.
(186 S. W., 2d Series, 61.)

442

E. M. Grimes, of Taylor, for petitioners.

The court of Civil Appeals erred in holding that the city of Taylor could not be subrogated to any claims or rights Doak may have had against the county. 50 Am. Jur. 697; 25 R. C. L., 1313; Livermore v. Peru, 55 Me. 469.

W. K. McClain and W. H. Nunn, both of Georgetown, for respondents.

The City of Taylor has no cause of action, by subrogation, for the amount that it paid to Doak. If such payment was made entirely without any authority, at law, then such payment would

be a misappropriation of funds by those who paid it, and if the City had a right of recovery it would be against those who made the payment and to whom payment was made. Stegall v. McLennan County, 144 S. W. (2d) 1111; Limestone County v. Robbins, 38 S. W. (2d) 580, Indiana Tr. Co. v. Beagley, 15 N. E. (2d) 758.

PER CURIAM:

This is a suit by the City of Taylor, a home rule city, and E. K. Doak, local registrar of births and deaths, against Williamson County and certain officials thereof in their official capacities to recover $566.50 statutory registration fees paid by the City to Doak. In the trial court judgment was rendered that the plaintiffs take nothing and that judgment was affirmed by the Court of Civil Appeals. 183 S. W. (2d) 664.

The State Sanitary Code is brought forward in Vernon's Civil Statutes as Article 4477. It is divided into many sections designated in the Act as rules. Under Rule 36a, as amended, the City is made a primary registration district and the city clerk is made the local registrar of births and death certificates. The clerk failed, neglected or refused to act as local registrar, whereupon the State Board of Health, with the approval of the Chairman of the Board of Commissioners and City Manager appointed Doak as local registrar in accordance with the provisions of Rule 37a. By Rule 53a it is made the duty of the local registrar to send the birth and death certificates monthly to the State Registrar, who in turn certifies the number of such certificates to the Commissioners' Court or County Auditor and the County Treasurer is directed to pay such fees as are approved by the Commissioners' Court or the County Auditor at the time such statement is issued. It is further provided in Rule 54a that the registration fee to be paid the local registrar shall be 50c for each certificate "correctly recorded and promptly returned by him" unless such local registrar be acting as registrar in an incorporated city where the compensation of the registrar is otherwise fixed by city ordinance. The City paid Doak as registration fees $566.50 covering services for a period from July 1, 1941, to June 30, 1943, at which time its commissioners were advised that payment of such fees was a liability of the County and not of the City, whereupon it procured an oral assignment of any claim which Doak might have against the County and upon the County's refusal to pay the City's claim for reimbursement, filed this suit joining Doak as a party plaintiff.

The case was tried on an agreed statement of facts. Among other stipulations were the following: The City of Taylor does not have, and has never had during the relevant period, an ordinance providing a salary or fees for a local registrar. During the period involved in the litigation Doak, as local registrar, deposited in the office of the County Clerk of Williamson County a true and accurate copy of each birth and death certificate filed with him, each bearing his file date and signature. That the city clerk paid the local registrar each month upon the receipt of a certificate from the state registrar, the checks being signed by the city clerk and the Chairman of the Board of Commissioners of the City; "said checks were so issued and mailed to plaintiff local registrar by said City Clerk under the belief of said City Clerk that City of Taylor owed plaintiff local registrar the debt evidenced by the certificates of State Registrar and without any knowledge that such debt was owed by defendant Williamson County and without any intention to pay a debt owed by defendant Williamson County." The local registrar would not have accepted such payments from the City if he had not likewise believed that the City owed same to him. In paying the local registrar from time to time the city clerk thought that the City owed the registrar such amounts and that he was acting within the provisions of the city charter. The minutes of the Board of Commissioners of the City revealed that such board has never taken any action whatsoever with respect to the payment of the local registrar except the passage of a motion authorizing and directing the City Attorney to prosecute this suit.

The Court of Civil Appeals disposed of the controlling question presented in the case in this language:

" * * * The City did that which it was clearly authorized under its charter to do, had it so desired, by the passage of a proper ordinance. It was charged with knowledge of the law prescribing the amount of the debt to Doak for such registration, and by which it should be paid. There being no legal liability upon the City to pay Doak, and the City having paid him with knowledge of all the facts such payment must be deemed to have been wholly voluntary on the part of the City. The uniform rule in such cases is that the City could not recover it back because paid under a mistake of law * * *."

■ We are not in accord with this conclusion. If it be assumed that by the passage of a proper ordinance the City could have lawfully paid these fees under its charter powers, such assumption does not aid in the solution of the question presented, for it

did not enact such an ordinance, and the fact that it could have created liability by doing so is not any defense at all to this cause of action. American Construction Co. v. Seelig, 104 Texas 16, 133 S. W. 429; Harvey v. City of Seymour, 14 S. W. (2d) 901.

■ The rule invoked that relief cannot be had from a payment made under a mistake of law is recognized as being generally applicable in private transactions, but when the payment is made with public money, we think the sounder and more equitable rule is that relief may be had therefrom. The City of Taylor did not pay this money through mistake of law. It made no mistake. Its clerk and the Chairman of its Board of Commissioners made a mistake, but they are not the agents of the City in the sense that their mistakes of law are its mistakes. Public officers deal with money belonging to the public, and the application of a rule under which such officials could pay out public funds for an unauthorized purpose and the municipality would be denied a recovery therefor merely because such public officers made a mistake of law could hardly be justified. The County owed the money; the City discharged that obligation and we perceive no reason why it should not be reimbursed therefor. Lamar Township v. Lamar, 261 Mo. 171, 169 S. W. 12, Am. Cas. 1916D, 740; Aebli v. Board of Education of City and County of San Francisco, 62 Cal. App. (2d) 706, 145 Pac. (2d) 601; City v. Weatherby, 349 Mo. 848, 129 S. W. (2d) 887; United States v. Bentley, 107 Fed. (2d) 382; United States v. City of Philadelphia, 50 Fed. Supp. (2d) 170; School District No. 49, Logan County v. Community High School, 126 Kans. 51, 267 Pac. 23; City of Bismark v. Burleigh County, 49 N. D. 205, 190 N. W. 811.

■ We recognize the logic of the contention that Doak, who had been paid by the City, is not entitled to recover against the County, and that his verbal transfer of his cause of action against the County to the City gave the City no better right than he possessed. As an assignee of Doak the City could not make out a case, but when the whole transaction is viewed, the City's right does not rest upon any assignment from Doak but its cause of action against the County is in the nature of an action for money had and received. That cause of action arises from the fact that it discharged the County's obligation, and is therefore equitably entitled to be reimbursed.

■■ The County pleaded the two years statute of limitation to the cause of action asserted by the City. The trial court enter-

tained the view, that the plaintiffs were not entitled to recover at all and did not decide the limitation question. Neither was that question decided by the Court of Civil Appeals. Since it is a question of law upon agreed facts, it becomes our duty to consider it. The fees which the City paid Doak were for a period of two years beginning July 1, 1941. This suit was filed October 15, 1943. If the period of limitation began to run when the payments were made, and if this were a suit by Doak against the County, then a portion of the recovery would appear to have been barred when the suit was filed. But that is not the case presented. The City is entitled to a recovery if at all upon its claim against the County for reimbursement. Suit could not be brought thereon until the claim was rejected. R. S. 1925, Art. 1573. It was not rejected by the Commissioners' Court until the summer of 1943, just a short time before this suit was filed. At that time the right of the City to sue accrued and limitation began to run from that date. Jones County v. Moore, 4 S. W. (2d) 289 (error refused). No question of laches in filing the claim is presented.

It is our order that the judgments of the courts below be reversed and that judgment be rendered here in favor of the City of Taylor against the County and the named officials in their official capacities for the amount due under the stipulated facts with interest and costs. Since no execution may be issued on the judgment against the County, Art. 1575, R. S. 1925, the judgment will not provide for the issuance of execution. That portion of the judgments below denying Doak a recovery will be affirmed.

Opinion delivered March 7, 1945.

Rehearing overruled April 4, 1945.