### JACKSON v. TOM GREEN COUNTY.
#### No. 9677.

Court of Civil Appeals of Texas. Austin.
Jan. 7, 1948.

Rehearing Denied Jan. 28, 1948.

Smith & Griffis, by William A. Griffis, Jr., of San Angelo, for appellant.

Ralph Logan, of San Angelo, for appellee.

McCLENDON, Chief Justice.

Appellant, as sole heir at law of his father, Hugh Jackson, deceased, sued Tom

Green County for deficiency at the rate of $400 per annum in payment of the father's salary as justice of the peace, from January 1, 1936, to July 28, 1945, the date of the father's death. The claim was presented to the Commissioners' Court March 5, 1947, and disallowed March 15, 1947, except for the sum of $166.65; that being the amount due for the five-month period (February 28–July 28, 1945) next preceding the father's death, on the manifest theory that all sums accruing prior to March 1945 were barred by the two year statute of limitation. Vernon's Ann.Civ.St. art. 5525. In a trial to the court the judgment was for appellant for $166.65 and against appellant for the balance of the claim; the latter upon the express holding that it was barred by limitation.

The only question the appeal presents is the correctness of this holding. The facts are undisputed that the father served as justice of the peace during all the time stated; that he was paid regularly a monthly salary at the rate of $1,800 per annum; whereas, as a matter of law, he was entitled to receive $2,200.

Appellant contends that no part of the cause of action was barred since it did not accrue until the claim was filed with and rejected by the Commissioners' Court under Art. 1573, R.C.S., reading: "No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the commissioners court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof."

Appellant's chief reliance is upon the decisions in the Moore (Jones County v. Moore, Tex.Civ.App., 4 S.W.2d 289, error refused) and Hodges (City of Taylor v. Hodges, 143 Tex. 441, 186 S.W.2d 61) cases.

The contention of the County, in substance, is that (if the claim is of the character requiring its presentation under Art. 1573) the only thing requisite to the right to sue was an act to be performed solely by claimant (the presenting of his claim), and he could not delay the running of the statute by inaction on his part. Supporting decisions chiefly relied upon are the Smith (Smith v. Wise County, Tex.Civ. App., 187 S.W. 705, error refused), Yarbrough (Nolan County v. Yarbrough, Tex. Civ.App., 34 S.W.2d 302, no application), and Stegall (Stegall v. McLennan County, Tex.Civ.App., 144 S.W.2d 1111, error dismissed, correct judgment) cases.

Unless there is some distinguishing factual characteristic between these two lines of decision—those, on the one hand, which hold that limitation is not tolled until the claim is presented and disallowed, and those, on the other, which hold to the contrary—they are manifestly in irreconcilable conflict.

We have examined the applications for writs of error in the three cited Civil Appeals cases: In the Smith case (opinion by Justice Buck of the Fort Worth court in 1916) the application was by Wise County, a part of whose asserted liability was held barred, and no issue of limitation was raised in the application; but only the asserted invalidity of the portion of the claim as to which limitation did not apply. In the Moore case, the issue of limitation was manifestly waived, as the subject was not mentioned in any of the 25 grounds or 9 assignments of error. The Stegall suit was by a sheriff to recover the amount of fees which he had paid over to the county in excess of that actually due. The claim was denied upon each of two independent grounds: 1) that the payment had been voluntarily made, and therefore could not be recovered; and 2) that the two year statute of limitation was a complete bar. Error was assigned upon each of these holdings. The application was "dismissed W.O.J. correct judgment." The action of the Supreme Court upon neither of these three applications can be regarded as an authoritative pronouncement upon the limitation issue decided by the Court of Civil Appeals for the reason that in the first two cases that issue was not raised in either application; and in the third (Stegall) the "correct judgment" dismissal could rest upon either of the two independent holdings, and the other could be disregarded entirely.

The Hodges suit was by the City of Taylor to recover from the county the amount

of fees it had paid to Doak as local registrar of births and deaths under appointment by the State Board of Health with the approval of the City Commissioners. The issue of limitation was not decided by the District Court or Court of Civil Appeals; the city's right of recovery being denied on the ground that the payments (though made under mistake of law) were voluntarily made. See opinion of this court, the late Justice Baugh writing, 183 S.W.2d 664. This decision was reversed by the Supreme Court, 143 Tex. 441, 186 S.W.2d 61, 63, upon the holding that the rule invoked, while generally recognized as applicable to private transactions, "the sounder and more equitable rule is that relief may be had" when "the payment is made with public money." The holding was that "as an assignee of Doak the City could not make out a case," but "its cause of action against the County is in the nature of an action for money had and received." Upon the issue of limitation the opinion (a Per Curiam one) reads: "* * * The fees which the City paid Doak were for a period of two years beginning July 1, 1941. This suit was filed October 15, 1943. If the period of limitation began to run when the payments were made, and if this were a suit by Doak against the County, then a portion of the recovery would appear to have been barred when the suit was filed. But that is not the case presented. The City is entitled to a recovery if at all upon its claim against the County for reimbursement. Suit could not be brought thereon until the claim was rejected. R.S.1925, Art. 1573. It was not rejected by the Commissioners' Court until the summer of 1943, just a short time before this suit was filed. At that time the right of the City to sue accrued and limitation began to run from that date. Jones County v. Moore, Tex.Civ.App., 4 S.W.2d 289 (error refused). No question of laches in filing the claim is presented."

It is to be noted: 1) no reference to the Smith case is made in the Per Curiam opinion in the Hodges case; which would indicate that the Supreme Court did not consider its decision in conflict with that case, otherwise it would have been overruled; 2) the parenthetical notation "(error refused)" after the citation of the Moore case would indicate that the Supreme Court had not re-examined the application in that case; 3) no reference is made in the Moore opinion to that in the Smith case; indicating that the Eastland court did not regard the two decisions in conflict; and 4) no reference is made in the Stegall opinion to that in the Moore case; thus evidencing a like view on the part of the Waco court.

Regardless of the effect of refusal of writ of error in the Moore case, its citation in the Hodges case constituted an approval of the decision on the issue of limitation by the Supreme Court, and the holding in the Hodges case is, of course, binding upon this court. See Humble Oil & Refining Co. v. State, Tex.Civ.App., 158 S.W.2d 336, error refused.

The factual situation in the Smith case is practically on all fours with that here. There the suit was by a county treasurer for balance due on salary for a number of years, to which he was by law entitled. We have the same situation here with regard to underpayment of salary of a justice of the peace. The Smith opinion is a well-considered one, the decision being rested upon a rule well established in other jurisdictions. A supporting quotation from 25 Cyc. 1198, with slight textual changes, is carried forward in 37 C.J., p. 953, § 324. In substantially the same wording 34 Am.Jur., p. 96, states the rule thus: "The rule that the plaintiff's cause of action has not accrued so as to start the statute of limitations running unless all facts exist so that the plaintiff can allege a complete cause of action is subject to the exception that if the only act necessary to perfect the plaintiff's cause of action is one to be performed by the plaintiff, and he is under no restraint or disability in the performance of such act, he cannot indefinitely suspend the statute of limitations by delaying performance of that act. It is not the policy of the law to permit a party against whom the statute runs to defeat its operation by neglecting to do an act which devolves upon him in order to perfect his remedy against another. If this were so, a party would have it in his own

power to defeat the purpose of the statute in all cases of this character."

This rule is obviously a sound one, and we believe it was recognized in the Hodges case in the statement that the issue of laches was not there presented. The factual situation there was different from that here in that the claim was that of a city in relation to public funds, a fact which was held to authorize the city to recover where recovery would be denied a private individual. Furthermore, the portion of the claim to which the statute could be held to apply had existed for only a month or so before limitation would have begun to run. In the Moore case the claim was for damages to land, the result of overflow by flood waters caused by improper drainage of a public roadway. There was a serious question as to when the cause of action arose; whether from the date of the improper drainage construction or from that of the first injury to the land. The latter was within the two-year period. This issue the court found it unnecessary to decide.

 If the claim here can be one requiring presentation under Art. 1573, there is no question but that the right (and we think the consequent duty) to present it arose each month when the county paid less than was due. In applying the doctrine of laches the limitation period is frequently applied by analogy. Under this rule the right to present the claim would be barred in two years after that right accrued; and the same result would be reached as that by the county and the trial court.

Aside from this the instant claim is one which it was the statutory duty of the county to pay. In this respect it was of the same character as that in the Smith case; and as that in the Hodges case in so far as the City's claim was predicated upon an assignment from Doak. The case of Greer v. Hunt County, Tex.Com.App., 249 S.W. 831, cited by appellant, did not involve the issue whether this character of claims came within Art. 1573. In the case of Martin County v. Gillespie County, 30 Tex.Civ.App., 307, 71 S.W. 421, the late Chief Justice Key of this court expressed the view that claims, represented by negotiable instruments, are not of the character required by the statute to be presented. The same result was reached in Noel Young Bond & Stock Co. v. Mitchell County, 21 Tex.Civ.App. 638, 54 S.W. 284, 289, error refused (Justice Hunter writing for the Fort Worth court in 1899, wherein it was held that limitation began to run from the maturity of the claim, regardless of whether or when it was presented for payment. The court said: "* * * the claim must be presented at maturity, or within such time that, if rejected, suit may be brought within the time allowed by the statute of limitations, counting from the date of maturity, and not from the date the claim is rejected." This decision has never been questioned. It was cited with approval, along with McDonnell v. Callahan County, 3 Tex.Civ.App. 138, 22 S.W. 981, in Stanley v. United States., D.C., 23 F.2d 870. It could have been rested upon the holding in the above Martin County case, that presentation was not essential in claims of this character. Since it was not, the holding can only be reconciled with that in the Hodges case upon the ground that in a claim of this character, the claimant would be guilty of laches as a matter of law if the claim were not presented as required under the quoted holding. We see no substantial difference between claims evidenced by written obligations of a county, and those whose obligation is imposed by statute.

 Furthermore, payment by the county of a less sum than due may well be regarded as a rejection of the balance. Under the holding in Hood v. Cain, Tex.Civ. App., 32 S.W.2d 485, error refused, it would seem that the father might at any time have enforced his claim by mandamus suit seasonably brought against the county auditor.

The trial court's judgment is affirmed.

Affirmed.