**Sally Ann Ross FIELDS, Terry Jean Fields, Joe Anthony Fields and Ronnie Jay Fields, Appellants,**

v.

**The CITY OF TEXAS CITY and John Quinn, Appellees.**

**No. A14–93–00337–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Motion for Rehearing Overruled, Opinion of September 30, 1993, is Withdrawn.

Affirmed and Majority and Concurring Substitute Opinion filed October 28, 1993.

Rehearing Denied Nov. 24, 1993.

---

**3.** All emphasis is supplied unless otherwise indicated.

David Alan Disher, LaMarque, for appellants.

Carla Cotropia, George W. Vie, III, Galveston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and BROWN, JJ.

LEE, Justice.

This is an appeal from a summary judgment granted in favor of appellees on grounds that the suit was barred by limitations. We affirm.

In March 1988, Howard Fields authorized the City of Texas City (the City) to demolish a house that had been gutted by fire months earlier. The house was jointly owned by Fields and his ex-wife, Sally. On August 16, 1988, the City demolished the house. About that time, Mrs. Fields learned from friends that the house was being demolished by the City and suspected that her ex-husband was behind it. In October 1988, Mr. Fields died intestate. On June 22, 1990, Mrs. Fields' attorney sent a notice letter to the City's mayor demanding payment of $70,000 within sixty days and threatening to file suit "without further notice" if the City did not respond. On December 7, 1990, almost six months after sending the notice letter and approximately two years and four months after learning of the incident, Mrs. Fields filed suit against the City and John Quinn, a city employee, for demolishing the house.

Appellants alleged negligence, reckless and intentional conduct, "wrongful destruction of property," "wrongful condemnation," inference with peaceful and quiet enjoyment of property, trespass to realty, trespass to chattels, and mental anguish. Mrs. Fields' children were later added as plaintiffs to this suit and are also parties to this appeal.

On March 30, 1992, appellees moved for summary judgment contending that appellants' suit was barred by the two-year limitations in TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). On June 22, 1992, appellants filed a one-page response adopting paragraph VII of their Second Amended Original Petition which alleged that the limitations period was tolled. On November 13, 1992, appellees filed another motion for summary judgment asserting the affirmative defenses of limitations and consent. On December 22, 1992, appellants in-turn filed a one-page response adopting paragraphs III (alleging lack of consent) and VII (alleging that limitations period was tolled) of their Third Amended Original Petition. Appellants also filed a trial brief in response to appellees' motion. On February 8, 1993, after a hearing, the trial court granted appellees' motion for summary judgment.

■ In their sole point of error, appellants contend that the trial court erred in granting summary judgment. Specifically, appellants contend that the defense of limitations is inapplicable because their cause of action did not accrue until the City rejected their settlement demand in their notice letter.[1]

■ Initially, we note that appellees moved for summary judgment on the grounds of limitations and consent. Although both grounds were contested, the trial court's order does not specify the ground(s) it relied on in granting appellees' motion. While appellants assert a general point of error on appeal, they only argue the limitations issue and do not argue or even mention consent. Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the judgment will be affirmed on the ground to which no complaint is made. *Bailey v. Rogers,* 631 S.W.2d 784, 786 (Tex.App.—Austin 1982, no writ). Because summary judgment may have been granted on a ground not challenged on appeal, i.e., consent, we may affirm the summary judgment on that basis alone. *See Holloway v. Starnes,* 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied.). Nevertheless, we will address the limitations issue raised in this appeal.

■ A movant for summary judgment has the burden of showing that their is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing the summary judgment proof, evidence favorable to the non-movant is taken as true, the court indulging all inferences and resolving all doubts in the non-movant's favor. *Id.* When a defendant moves for summary judgment based on the affirmative defense of limitations, he assumes the burden of showing as a matter of law that the suit is barred by limitations. *Rogers v. Ricane Enter. Inc.,* 772 S.W.2d 76, 80–81 (Tex.1989); *Archambault v. Archambault,* 846 S.W.2d 359, 360 (Tex.App.—Houston [14th Dist.] 1992, no writ). A defendant must prove when the cause of action accrued and must negate the discovery rule if pled. *Archambault,* 846 S.W.2d at 360 (citing *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990)).

■ The question of when a cause of action accrues is a question of law for the court. *Moreno v. Sterling Drug,* 787 S.W.2d 348, 351 (Tex.1990); *Seibert v. General Motors Corp.,* 853 S.W.2d 773, 775 (Tex.App.—Houston [14th Dist.] 1993, n.w.h.). In applying the statute of limitations, a cause of action is said to accrue when facts come into existence which give a claimant the right to seek a remedy in the courts. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977); *Sei-*

---

1. Appellants raised additional arguments in the trial court against the application of limitations but abandoned those arguments on appeal when they did not raise them in their brief. *See San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, (Tex.1990) (holding that court of appeals cannot reverse trial court's summary judgment on grounds not raised in the trial court or *presented to the court of appeals by brief or argument*). [emphasis added]

*bert,* 853 S.W.2d at 776. In personal injury actions, it is when the wrongful act effects an injury regardless of when the claimant learned of such injury. *Robinson,* 550 S.W.2d at 19; *Seibert,* 853 S.W.2d at 776. The discovery rule is an exception to the general rule. *Moreno,* 787 S.W.2d at 351; *Seibert,* 853 S.W.2d at 776.

■ Here, the discovery rule was not an issue because the uncontroverted summary judgment proof established that appellants learned of the demolition of the house in August 1988. Section 16.003(a) of the Civil Practices and Remedies Code states that: "a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury ... not later than two years after the date the cause of action accrues." Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). Thus, appellants' cause of action accrued in August 1988, and they had until August 1990, to file suit. It is undisputed that appellants' filed suit on December 7, 1990, almost four months after the expiration of the limitations period. The issue presented here is whether appellant's cause of action accrued in August 1988, or at some later date.

■ Appellants contend that their cause of action accrued on August 22, 1990, when the City failed to respond to their notice letter after sixty days pursuant to a provision of the City Charter. According to appellants, they had two years from that date in which to file suit. In support of their contention, appellants cite a portion of Article XXI, section 10 of the City Charter dealing with notice. Although appellants presented the same argument to the trial court, they did not ask the court to take judicial notice of section 10. Instead, appellees have provided an unauthenticated copy of section 10 and now ask this Court to take judicial notice of it. Courts may take judicial notice for the first time on appeal. *Harper v. Killion,* 162 Tex. 481, 348 S.W.2d 521 (1961); *see Sparkman v. Maxwell,* 519 S.W.2d 852, 855 (Tex. 1975). Courts have taken judicial notice of city charters. *Int'l Ass'n of Firefighters Local 624 v. City of San Antonio,* 822 S.W.2d 122, 127 (Tex.App.—San Antonio 1981, writ denied); *City of Dallas v. Moreau,* 718 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). On the other hand, city charters may be likened to municipal ordinances which courts, including this one, have refused to take judicial notice of when not submitted in verified form. Tex.R.Civ. Evid. 204; *City of Houston v. Southwest Concrete Constr., Inc.,* 835 S.W.2d 728, 733 n. 5 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Metro Fuels, Inc. v. City of Austin,* 827 S.W.2d 531, 532 (Tex.App.—Austin 1992, no writ); *Hollingsworth v. King,* 810 S.W.2d 772, 774 (Tex.App.—Amarillo), *writ denied per curiam,* 816 S.W.2d 340 (Tex.1991). In any event, we need not decide whether we can properly take judicial notice of section 10 of the City Charter because appellants would not be able to avoid limitations even if we did so.

The portion of section 10 cited by appellants states:

No action at law for damages shall be brought against the city for injury to one's person or property prior to the expiration of sixty days after the notice hereinbefore described has been filed with the mayor or city secretary. After the expiration of the sixty days aforementioned, the complainant may then have two years in which to bring that action at law.

Appellees aptly point out that appellants neglect to cite the entire Charter provision. The "notice hereinbefore described" in the above cited portion of section 10 refers to the preceding sentence which provides:

Before the city shall be liable to damage claim or suit for injury to one's person or property, the person who is injured or whose property is damaged or someone in his behalf shall give the mayor or city secretary notice in writing within thirty days after the occurring of the alleged injury or damage, stating specifically in such notice when and how the injury or damage was sustained and setting forth the extent of the injury or damage as accurately as possible.

Appellees contend that appellants cannot claim the protection of section 10 because

they failed to comply with all of its provisions. We agree. Appellants notice letter demanding settlement is dated June 22, 1990, some twenty-two months after the demolition and well past the thirty-day notice period required by section 10. Even if section 10 were applicable, appellants reading of that charter provision would allow a party to toll the applicable statute of limitations indefinitely until it gave notice, thereby, circumventing any limitations period adopted by the Legislature. According to appellants, a party could wait almost two years to file notice with the City and then still have another two years and sixty days in which to file suit. Indeed, in the instant case, appellants waited twenty two months to file notice and now insist they had another two years and sixty days in which to file suit. Obviously, appellant's reading of section 10 conflicts with the plain language of that provision and with the general laws enacted by the Legislature.

As further support for their contention, appellants cite *City of Taylor v. Hodges,* 143 Tex. 441, 186 S.W.2d 61 (1945) and *Jones County v. Moore,* 4 S.W.2d 289 (Tex.App.—Eastland 1928, writ ref'd). *City of Taylor* and *Jones County* each involved a suit against a county and applied the predecessor to TEX.LOCAL GOV'T CODE ANN. § 81.041 in holding that limitations did not bar the suit because the cause of action did not accrue until the commissioners court first rejected the claim. *City of Taylor,* 186 S.W.2d at 63–64; *Jones County,* 4 S.W.2d at 292–93. However, section 81.041 applies only to suits against counties. It provides that "a person may not sue on a claim against a *county* unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim." TEX.LOCAL GOV'T CODE ANN. § 81.041(a) (Vernon 1988) (emphasis added). Section 81.041 is in Subchapter C dealing with "Suits Involving Counties" and is part of Chapter 81 of the Local Government Code which sets out the organization, procedure, power, and duties of the commissioners court. Appellants cite no authority and indeed do not argue that section 81.041 should be extended to cover suits against a city.

As we stated, appellants' cause of action accrued in August 1988, when the City demolished their house and when they learned of that fact. It did not, as appellants suggest, accrue at the end of the sixty-day period set out in section 10. Furthermore, there is no authority to support the proposition that a notice provision in a city charter tolls the applicable statute of limitations. Even if the notice provision of section 10 had tolled the two-year limitations period for ninety days as that provision implies, appellants would have had to file suit by November 1990. As we noted, appellants did not file suit until December 7, 1990. Therefore, appellants' suit was barred by the statute of limitations regardless of whether the limitations period was tolled by the City Charter provision.

Because appellees established limitations as a matter of law, the trial court properly granted summary judgment. *See Rogers,* 772 S.W.2d at 79 (when trial court's order granting summary judgment does not specify grounds relied on for ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious). Accordingly, we overrule appellant's point of error and affirm the trial court's judgment.

J. CURTISS BROWN, C.J., concurs in the result only.