Affirmed and Memorandum Opinion filed November 9, 2004









Affirmed and Memorandum Opinion
filed November 9, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01285-CV

_______________

 

JENNIFER COOPER AND THERESA TURNER, Appellants

 

V.

 



CITY OF TEXAS CITY, Appellee

 



 

On Appeal from the 56th District Court

Galveston County, Texas



Trial
Court Cause No. 01CV0966

 



 

M E M O R A N D
U M   O P I N I O N

Appellants, Jennifer Cooper, individually and as the
surviving parent of Caroline Cooper and Alexis Cooper, and Theresa Turner,
appeal the dismissal of their suit against appellee, the City of Texas
City.  In three issues, appellants
contend the trial court erred in (1) granting the City=s special exceptions and dismissing
without allowing an opportunity to amend, (2) granting the City=s plea to the jurisdiction, and (3)
granting the City=s motion for summary judgment.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








Background

On April 21, 2001, Theresa Turner was babysitting Jennifer
Cooper=s three young daughters: Ashleigh,
Caroline, and Alexis.  Turner took the
girls to the Texas City Dike.  Turner and
the girls attempted to wade from the dike to Mosquito Island, a sandbar located
several hundred feet from the dike.  The
girls, who could not swim, were holding plastic pool floats.  As they were about halfway to Mosquito
Island, the wake from a passing boat swept them into deeper water.  Alexis lost her pool float and began drifting
away.  While Turner went to rescue her,
Ashleigh and Caroline lost their pool floats as well.  Realizing she could not save the girls by
herself, Turner swam back to shore to call for help.  Ashleigh was rescued by a fisherman, but
Caroline and Alexis drowned before help could reach them.

Cooper sued the City for wrongful death.  Turner also sued the City; however, her
pleadings are not part of the appellate record, so we do not know the nature of
her claims.[1]  The trial court consolidated Turner=s suit with Cooper=s suit.  The City filed a plea to the jurisdiction, a
motion for summary judgment, and special exceptions as to all claims.  The trial court granted the City=s plea to the jurisdiction or motion
for summary judgment and dismissed Cooper=s and Turner=s claims.[2]

Discussion








In three issues, appellants contend the trial court erred in
(1) granting the City=s special exceptions and dismissing without allowing
opportunity to amend, (2) granting the City=s plea to the jurisdiction, and (3)
granting the City=s motion for summary judgment. Because appellant=s third issue is dispositive, we will
address only that issue.

The City moved for summary judgment on the grounds that (1)
sovereign immunity bars all of appellants= claims against the City, (2) the
Recreational Use Act[3]
establishes the liability standard applicable to this case, and under that
standard, the City is not liable, and (3) no evidence exists that the injuries
complained of occurred on property owned or possessed by the City.  On appeal, appellants argue that summary
judgment was improper because (1) the City did not conclusively establish it
was entitled to sovereign immunity, and (2) the City did not conclusively
establish it was entitled to protection under the Recreational Use Act.  However, appellants do not address the City=s claim that it does not own or
possess the property on which the injuries occurred.[4]








When there are multiple grounds for summary judgment, and the
order does not specify the ground on which summary judgment was granted, the
appellant must attack all grounds on appeal. 
See Lewis v. Adams, 979 S.W.2d 831, 833 (Tex. App.CHouston [14th Dist.] 1998, no pet.)
(citing State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381
(Tex. 1993)).  If the appellant fails to
attack each ground upon which the judgment may have been granted, we must
uphold the summary judgment.  Id.;
see Fields v. City of Texas City, 864 S.W.2d 66, 68 (Tex. App.CHouston [14th Dist.] 1993, writ
denied) (ABecause summary judgment may have
been granted on a ground not challenged on appeal, i.e., consent, we may affirm
the summary judgment on that basis alone.@). 
Because appellants do not attack a ground on which the trial court could
have granted summary judgment, we must uphold the summary judgment.  See Lewis, 979 S.W.2d at 833; Fields,
864 S.W.2d at 68.  We overrule appellants= third issue.

Accordingly, the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed November 9, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

 

 











[1]  In its brief,
the City states that Turner claimed Aunspecified
injuries during her attempt to rescue the children.@  At the hearing
on the City=s plea to the jurisdiction, motion for summary
judgment, and special exceptions, the City referred to Turner=s claims as Abystander@ claims.





[2]  The trial
court=s judgment does not state the basis on which it was
granted.  The judgment states only that AThe City of Texas City=s
Renewed Plea to the Jurisdiction or, Alternatively, for Summary Judgment is
granted.  Therefore, this action is
dismissed with prejudice.@  Further, the
final judgment does not mention the special exceptions.





[3]  Tex. Civ. Prac. & Rem. Code Ann. '' 75.001B.004
(Vernon 1997).





[4]  The City
asserted common grounds for summary judgment with respect to both Cooper=s and Turner=s
claims.  The City also asserted an
additional ground for summary judgment with respect to Turner=s claims only. 
However, Turner did not file a brief on appeal, but, instead, adopted
Cooper=s brief.  Thus,
Turner also does not address the ground for dismissal unique to her claims.