PD-0835-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/6/2015 10:40:35 AM
Accepted 7/7/2015 3:13:34 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**EVERETT JESSE SULLENS**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 1303012D from
Criminal District Court No. Two of Tarrant County, Texas,
and Cause No. 02-13-00364-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax:  (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Everett Jesse Sullens

FILED IN
COURT OF CRIMINAL APPEALS

July 7, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Court Judge: | Hon. Wayne Salvant |
| Petitioner: | Everett Jesse Sullens |
| Petitioner's Trial Counsel: | Hon. Barry Alford<br>TBN: 00783534<br>Law Office of Barry J. Alford<br>1319 Ballinger St.<br>Fort Worth, Texas 76102 |
| Petitioner's Counsel on Appeal: | Hon. Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117<br>Phone: (817) 222-3333 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Hon. Davye J. Estes<br>TBN: 24045846<br>Hon. Anna Hernandez<br>TBN: 24054098<br>District Attorney's Office<br>401 W. Belknap<br>Fort Worth, Texas 76196 |
| Appellee's Counsel on Appeal: | Hon. Charles Mallin<br>TBN: 12867400<br>Hon. Andy Porter<br>TBN: 24007857<br>District Attorney's Office<br>401 W. Belknap Street<br>Fort Worth, Texas 76196 |

**TABLE OF CONTENTS**

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . .1

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      The Court of Appeals erred when it held that the trial court
        did not abuse its discretion when it denied Petitioner's motion
        for mistrial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

        A.      *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        B.      *Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . . . . .4

        C.      *Controlling Law*. . . . . . . . . . . . . . . . . . . . . . . . . . .4

        D.      *Discussion*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . .8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . .8

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

# INDEX OF AUTHORITIES

*Cases*                                                                                          *page*

*Abdnor v. State,*
    871 S.W.2d 726 (Tex. Crim. App. 1994). . . . . . . . . . . . . . . . . . .5, 6

*Booker v. State*,
    103 S.W.3d 521 (Tex. App. 2003). . . . . . . . . . . . . . . . . . . . . . . .5-6

*Hawkins v. State*,
    135 S.W.3d 72 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . . . . . .4

*Kemp v State*,
    846 S.W.2d 289 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . 4-5, 7

*Livingston v. State*,
    739 S.W.2d 311 (Tex. Crim. App. 1987). . . . . . . . . . . . . . . . . . . . .4

*Mayes v. State*,
    816 S.W.2d 79 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . .5, 6

*Sullens v. State*,
    02-13-00364-CR, 2015 WL 3523143 (Tex. App.–
        Fort Worth, June 4, 2015, no. pet. h.)
            (mem. op., not designated for publication). . . . 1, 4

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

Petitioner Everett Jesse Sullens ("Mr. Sullens" or "Petitioner"), was charged in a one-count indictment for knowingly causing bodily injury to a family member. (C.R. 5). Mr. Sullens pled not guilty to the indictment and a jury trial was had on the merits on July 30, 2013. (R.R. II 12). Mr. Sullens was found guilty. (R.R. II 325). Punishment was to the trial court, which sentenced Mr. Sullens to 15 years confinement in the Texas Department of Criminal Justice. (C.R. 66). A timely Notice of Appeal was filed on July 31, 2013. (C.R. 72).

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Second Court of Appeals Affirming Mr. Sullens's conviction was handed down on June 4, 2015. *See Sullens v. State*, 02-13-00364-CR, 2015 WL 3523143 (Tex. App.–Fort Worth, June 4, 2015, no. pet. h.) (mem. op., not designated for publication).

1

**GROUNDS FOR REVIEW**

**GROUND FOR REVIEW ONE**

I.      **The Court of Appeals erred when it held that the trial court did not abuse its discretion when it denied Petitioner's motion for mistrial.**

**REASONS FOR REVIEW**

1.      The decision by the Second Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals.

2.      The Second Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

**ARGUMENT**

**GROUND FOR REVIEW ONE (Restated)**

I.      **The Court of Appeals erred when it held that the trial court did not abuse its discretion when it denied Petitioner's motion for mistrial.**

Because this petition is predicated upon error by the Second Court of Appeals in its review of Mr. Sullens's complaint on appeal, a review of the pertinent evidence presented and events which transpired below is in order.

2

**A.** *Facts*

Mr. Sullens and Dana White were in a relationship and have children. (R.R. II 251). Mr. Sullens and Ms. White got into an argument where she accused him of punching her in the mouth. (R.R. II 254). A neighbor of Mr. Sullens and Ms. White called the police at the request of Ms. White. (R.R. II 2558). The police arrived and Ms. White pressed charges for assault. (RR II, 302:8-9).

Defense counsel filed a motion in limine which was granted by the trial court. (C.R. 18-21). The motion in limine required the parties to approach the bench for a ruling prior to testimony on many issues, most importantly, inappropriate acts of Mr. Sullens. (C.R. 19). Further, at trial the State made an oral motion in limine requiring Mr. Sullens' witnesses not to mention prior altercations between Mr. Sullens and Ms. White. (R.R. II 223). Mr. Sullens's witnesses were admonished by the trial court. (R.R. II 224).

At trial, the State called Ms. White. (R.R. II 250). When asked about the events of that day, she testified that she had to defend herself "like always." (R.R. II 253. Defense counsel objected to the statement as it violated the motion in limine. (R.R. II). The Court instructed the State

3

to inform the witness not to mention any accusations outside of the case at bar. (R.R. II 254). Defense counsel asked for a mistrial and the Court denied it. (R.R. II 254).[1]

### B. *Opinion Below*

The Second Court of Appeals correctly identified the standard of review applicable to the trial court's denial of a mistrial. *See Sullens*, 2015 WL 3523143 at *1 (abuse of discretion standard applies to rulings on mistrial motions) (citing *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). However, the court of appeals then held that a request for an instruction to disregard would have cured any error, the trial court did not abuse its discretion by denying Mr. Sullens's motion for mistrial. *Id*. at *2.

### C. *Controlling Law*

Admission of testimony in violation of a motion in limine is improper and can usually be cured by an instruction to disregard. *Livingston v. State*, 739 S.W.2d 311, 335 (Tex. Crim. App. 1987). If an instruction to disregard would not cure the effects of the improper testimony, a mistrial is the appropriate remedy. *Kemp v State*, 846

---

[1] Defense counsel failed to request an instruction to disregard. (R.R. II 254).

S.W.2d 289, 308 (Tex. Crim. App. 1992). If improper testimony is admitted, a mistrial is required if the testimony was calculated to inflame the jury or is of such character that it left an incurable impression on the minds of the jurors. *Id*.

D.   *Discussion*

In this case the State's witness made improper testimony by stating she had to defend herself "like always" indicating prior fights with Mr. Sullens. The motion in limine required that the State approach for a ruling before such testimony can be introduced. (C.R. 18-21). This was not done and thus a violation of the motion in limine. There is no record of the State instructing this witness not to bring up such incidents until after the damage was done.

The testimony was highly prejudicial and undoubtedly impacted the jury. This is because extraneous offense evidence can have a devastating impact on the jury's rational disposition towards other evidence because of the jury's natural inclination to infer guilt to the charged offense from the extraneous offenses. *See Abdnor v. State,* 871 S.W.2d 726, 738 (Tex. Crim. App. 1994); *Mayes v. State,* 816 S.W.2d 79, 86 (Tex. Crim. App. 1991); *see also Booker v. State*, 103 S.W.3d 521, 539

5

(Tex. App. 2003).

Testimony about prior incidents in the guilt/innocence phase of a trial is discouraged and for obvious reasons. It effectively introduces outside influence to the jurors by encouraging them to use their past experiences in passing judgment. The past experience of "if they did it once, they must have done it this time" is of foremost concern when such testimony is introduced. *See Abdnor,* 871 S.W.2d at 738; *Mayes,* 816 S.W.2d at 86; *see also Booker*, 103 S.W.3d at 539. The court in this case acknowledged such prejudice by requiring the State to instruct its witness not to  bring up such instances. The testimony offered was not merely about an extraneous offense or a statement that Mr. Sullens has a criminal record. The extraneous bad acts were of the same character as the charged offense. In fact, it was about the exact same conduct against the exact same person, Ms. White. This is the most damaging of improper extraneous offense testimony. *See Abdnor,* 871 S.W.2d at 738; *Mayes,* 816 S.W.2d at 86; *see also Booker*, 103 S.W.3d at 539. This was incurable and unrecoverable.

At this point the testimony was already out, permanently damaging Mr. Sullens' case. This testimony cast a negative light on the

6

remaining trial. It tainted and skewed the jury's perspective. The genie could not be put back in the lamp. The damage done was unrecoverable and defense counsel was right to demand a mistrial. Because the harm from the State's violation of the motion in limine could not have been cured by a motion to disregard, the trial court abused its discretion in denying Mr. Sullens's motion for mistrial. *See Kemp*, 846 S.W.2d at 308. Finding that, the Second Court of Appeals erred in affirming the conviction below.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Second Court of Appeals and reverse the conviction entered below.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway

7

Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Everett Jesse Sullens

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 1,864.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 6th day of July , 2015.

/s/ Abe Factor
Abe Factor

8

## APPENDIX

1.      Opinion of the Second Court of Appeals.



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00364-CR

EVERETT JESSE SULLENS                                                                         APPELLANT

V.

THE STATE OF TEXAS                                                                                          STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 1303012D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Everett Jesse Sullens appeals his conviction and sentence for assault bodily injury family member.[2]  We affirm.

----

[1]*See* Tex. R. App. P. 47.4.

[2]This case was originally submitted without oral arguments on January 31, 2014, before a panel consisting of Chief Justice Livingston, Justice Dauphinot, and Justice Gardner.  The court, on its own motion of January 15, 2015, ordered this case reset without oral argument on February 5, 2015; assigned this case to a new panel, consisting of Chief Justice Livingston, Justice Dauphinot, and Justice Gabriel; and assigned the undersigned to author this opinion.

## Background Facts

On October 2, 2012, Appellant and Dana White, the mother of his two children, got into an altercation on the front porch of Appellant's home. Appellant hit White in the mouth with his fist. White ran next door and asked a neighbor to call the police. White then went back into Appellant's house, and Appellant ran off down the street. White ran after him.

Police arrived and questioned White and Appellant's brother, Stacy. Both said that Appellant had punched White in the mouth. Appellant was subsequently arrested and charged.

A jury found Appellant guilty of assault bodily injury to a family member and that he had been previously convicted of assault bodily injury to a family member. Appellant pleaded true to the repeat offender paragraph of the indictment, and the trial court assessed punishment of fifteen years' confinement. Appellant then filed this appeal.

## Discussion

### 1. White's testimony

Appellant's first two issues concern White's testimony. In his first issue, Appellant argues that the trial court erred by not granting a mistrial when White violated Appellant's motion in limine. We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). An appellate court must uphold the trial court's ruling if it was

2

within the zone of reasonable disagreement. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

To preserve error regarding the admission of evidence in violation of a motion in limine, the preferred procedure is: (1) a timely, specific objection; (2) a request for an instruction to disregard; and (3) a motion for mistrial. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Generally, a prompt instruction to disregard will cure a witness's inadvertent reference to an extraneous offense. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). Unless the extraneous offense is so calculated to inflame the minds of a jury or is of such a nature as to suggest the impossibility of withdrawing the impression produced, an instruction to disregard can cure any improper impression. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). "The party who fails to request an instruction to disregard will have forfeited appellate review of that class of events that could have been 'cured' by such an instruction." *Young*, 137 S.W.3d at 70.

At trial, the following exchange between White and the State took place:

Q. And what happened then when he accused you of being at the neighbor's house?

A. I just—I went to defend myself, like always, and—

Appellant objected and the following bench conference occurred:

[APPELLANT'S COUNSEL]: I think they better get their witness under control, because she's violating the motion in limine. She's violating the motion in limine.

3

[STATE]:  Okay.

[APPELLANT'S COUNSEL]:  We need to take the jury out, and we need to talk about this.

[STATE]:  I think that actually I can limit the damage by telling her—

[APPELLANT'S COUNSEL]:  I want to take the jury out.

[STATE]:  We'll listen [to] the Judge.  What would you like to do?

[APPELLANT'S COUNSEL]:  She said "as usual," Judge.  She said, "I defended myself as usual."  She's violating the motion in limine.

THE COURT:  Uh-huh.  Tell her that, please.

[STATE]:  Okay.

THE COURT:  Not to mention anything.

[STATE]:  Yes.

[APPELLANT'S COUNSEL]:  We're going to object and we're going to move for a mistrial.

THE COURT:  All right.  I'm denying that.

Assuming without deciding that White's testimony violated the motion in limine, an instruction to disregard the comment would have been sufficient to cure the harm.  *See Kemp,* 846 S.W.2d at 308 (holding that "uninvited and unembellished reference to appellant's prior incarceration" was cured by instruction to disregard); *Hudson v. State,* 179 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that harm of testimony of "repeated beatings in the days preceding the incident" was cured by instruction to

4

disregard); *Drake v. State*, 123 S.W.3d 596, 603–04 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reference to extraneous bad acts harmless because trial court instructed jury to disregard). Because an instruction to disregard White's testimony would have cured the prejudicial effect, if any, of her comment, the trial court did not abuse its discretion by denying Appellant's motion for mistrial. *See Young*, 137 S.W.3d at 72. We overrule Appellant's first issue.

In his second issue, Appellant argues that the trial court erred by overruling Appellant's objection that White's testimony violated rule of evidence 404(b)'s prohibition of evidence of prior bad acts. *See* Tex. R. Evid. 404(b). If the trial court's ruling was within the "zone of reasonable disagreement," then there is no abuse of discretion, and the appellate court must uphold the trial court's ruling. *Sanders v. State*, 255 S.W.3d 754, 758 (Tex. App.—Fort Worth 2008, pet. ref'd).

At trial, the State asked White why the punch to her face did not cause her pain. Before White responded, Appellant objected. Outside the presence of the jury, the State again asked White the question. She responded, "Because I became numb to it." Appellant objected that it was evidence of prior bad acts by Appellant. The trial court overruled the objection. When the jury returned, the State again asked White why she did not feel pain when Appellant hit her in the mouth. White answered, "High tolerance . . . of pain."

Appellant argues that the only inference that the jury could make from White's testimony that she has a high tolerance for pain is that "she has

5

experienced a lot of physical pain at the hands of [Appellant]." To constitute an extraneous offense, the evidence must show a crime or bad act, and that the defendant was connected to it. *Lockhart v. State*, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992). White's statement does not show how Appellant was connected to her high tolerance for pain or that her tolerance was the result of some bad act on Appellant's part. *See Johnson v. State*, 190 S.W.3d 838, 840 (Tex. App.—Fort Worth 2006, no pet.) (holding that audiotape of phone message of defendant talking to victim while she was crying was not any evidence of an extraneous offense or bad act); *Mathis v. State*, 650 S.W.2d 532, 534 (Tex. App.—Dallas 1983, pet. ref'd) (holding that testimony that implied that defendant's photograph was on file with police department was not evidence of prior criminal conduct). The trial court did not abuse its discretion in allowing White's statement. We overrule Appellant's second issue.

**2. Prior judgments**

In his third issue, Appellant argues that the trial court erred by admitting four prior judgments during the punishment phase of trial because the State did not link them to Appellant.

The State elicited testimony from a Tarrant County sheriff's deputy that State's Exhibits 10 through 19 (criminal dockets, judgments, and sentences) were all attributed to Appellant. The State offered into evidence the ten prior convictions, and Appellant objected that the State failed to link Appellant through the inked fingerprints on the documents. The trial court overruled the objection.

6

Appellant later admitted to six of the judgments. On appeal, he complains only of the four judgments to which he did not admit.

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). These two elements may be established by certified copies of a judgment and a sentence, including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant. *See Vessels v. State*, 432 S.W.2d 108, 117 (Tex. Crim. App. 1968) (op. on reh'g). There is no required "mode of proof," however, for the two elements; the State may prove them in a number of different ways. *Flowers*, 220 S.W.3d at 921–22. In proving the elements, the State may use "[a]ny type of evidence, documentary or testimonial." *Id.* at 922; *see Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). The factfinder looks at the totality of the admitted evidence to determine whether there was a previous conviction and whether the defendant was the person convicted. *Flowers*, 220 S.W.3d at 923.

The four complained-of judgments all contain Appellant's full name and the same date of birth and county identification number. The same name, date of birth, and identification number appear in the convictions that Appellant acknowledged. This was sufficient to link Appellant to the four judgments. *See Goode v. State*, No. 02-10-00465-CR, 2011 WL 4502333, at *2 (Tex. App.—Fort

7

Worth Sept. 29, 2011, pet. ref'd) (mem. op., not designated for publication) ("Given that appellant's unique, nonrecycled CID appeared in relation to two Tarrant County convictions concerning a defendant with appellant's full name and birth date, we hold that a rational trier of fact could have found the evidence sufficient to link appellant to the two prior judgments submitted by the State."). We overrule Appellant's third issue.

## Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 4, 2015